UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| AWARENESS AVENUE JEWELRY LLC and MIKKEL GULDBERG HANSEN<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>Defendants. | Case No.: 8:23-cv-00002 |

**PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT, DECEPTIVE AND UNFAIR TRADE PRACTICES, UNJUST ENRICHMENT AND UNFAIR COMPETITION**

Michael A. Hurckes, Esq.
Florida Bar No. 1040918
MAH Advising PLLC
3030 N. Rocky Point Drive W., #150
Tampa, FL 33607
Tel.: (917) 791-0639
Attorneys for Plaintiff

1

# COMPLAINT FOR COPYRIGHT INFRINGEMENT, DECEPTIVE AND UNFAIR TRADE PRACTICES, UNJUST ENRICHMENT AND UNFAIR COMPETITION

Plaintiffs Awareness Avenue Jewelry, LLC and Mikkel Guldberg Hansen, by and through undersigned counsel, brings this Complaint for Copyright Infringement, Deceptive and Unfair Trade Practices, Unjust Enrichment and Unfair Competition against the Partnerships and Unincorporated Associations identified on Schedule-A (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. This cause of action is for infringement of Plaintiff Mikkel Guldberg Hansen's federally registered copyright pursuant to 17 U.S.C. § 501. Plaintiff Mikkel Guldberg Hansen is a director of Plaintiff Awareness Avenue Jewelry, LLC.

2. Plaintiffs are engaged in the business of creation, sale and marketing of jewelry products and Plaintiff Mikkel Guldberg Hansen is the copyright holder of the group of unpublished photographs titled "Celebrating Relationships Jewelry Photoshoot" (the "Works").

3. Defendants are individuals and business entities of unknown make up who operate one or more e-commerce stores that display and infringe Plaintiff Guldberg's Works to solicit sales of jewelry products.

## **PARTIES**

4. Plaintiff Awareness Avenue Jewelry, LLC (Hereinafter "Awareness Avenue") is a corporation duly organized and existing under the laws of the State of Wyoming. Plaintiff's principal place of business is located in Florida at 3030 N. Rocky Point Drive W., #150 Tampa, FL 33607.

5. Plaintiff Mikkel Guldberg Hansen (Hereinafter "Guldberg") is a director of Awareness Avenue Jewelry, LLC. Plaintiff Guldberg licenses his Works to Plaintiff Awareness Avenue which operates an online store at https://www.awareness-avenue.com/.

6. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified in Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute and upload the Works from the same or similar sources in those locations.

7. Defendants are foreign individuals or corporations who have both incentive and capacity to hide their assets once warned that their funds are at risk. Defendants are also not likely to submit to the authority of this Court and to preserve sufficient funds to satisfy any judgments that the Court may issue against them.

Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

8. On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in **Schedule-A** attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

9. Defendants have both incentive and capacity to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of products made by displaying the Works and records relating thereto that are in their possession or under their control.

10. Defendants have both incentive and capacity to open new user accounts and ecommerce merchant storefronts under new or different names and continue to offer for sale and sell products using the Works with little to no consequence.

11. This suit arises out of the same series of transactions or occurrences of Defendants soliciting sales of jewelry products on Amazon, Etsy, E-bay and other interactive e-commerce stores on their websites using Plaintiff Guldberg's Works. There are common questions of law and fact that will arise in the

litigation. The solicitation of sales via unauthorized use and display of Works by Defendants on various websites encapsulate a series of occurrences that are connected by a logical relationship. The concealment of identities and use of fake addresses by Defendants to avoid detection follow similar methodologies and patterns of conduct. The addresses provided by Defendants are unreliable and their actual addresses are unknown to Plaintiff.

## JURISDICTION AND VENUE

12. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 501 et. seq.).

13. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S. C. § 1331 and 1338(a) and (b), by virtue of 15 U.S.C. §1051. Venue is proper under 28 U.S.C. § 1391(b) in this District because a substantial part of the events or omissions gives rise to the claims that occurred in this District.

14. This court has personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Florida, through at least the fully interactive, e-commerce stores[1] which display Plaintiff Guldberg's Works. Defendants are operating

---

[1] The e-commerce store URLs are listed in Schedule A.

5

under the seller aliases identified in **Schedule-A** attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that display the Works and target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, have sold products by utilizing Plaintiff Guldberg's Works to residents of Florida. Each of the Defendants is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Florida. Upon information and belief, Defendants are subject to the personal jurisdiction of this Court because, among other things, Defendants have purposefully availed themselves of the benefits of doing business in this District by providing accessibility to websites and e-commerce stores embodying the Works to solicit sales from the residents of this District.

## FACTS COMMON TO ALL CLAIMS

15. Plaintiff Awareness Avenue Jewelry, LLC is a corporation specializing in creation, sale and marketing of jewelry. Plaintiff Guldberg is a director of Awareness Avenue Jewelry, LLC and exclusively licensed the Works to Plaintiff Awareness Avenue.

16. Plaintiff Guldberg is the copyright owner of the original unpublished group of photographs titled "Celebrating Relationships Jewelry Photoshoot" (the "Works").

17. The Works are original copyrightable work. Plaintiff Guldberg has complied in all respects with 17 U.S.C. § 101 et seq. and has secured exclusive rights in the Works and has received its copyright registration in the Works with the Copyright Office in accordance with its rules and regulations.

18. Defendants are providing access to the Works despite having no permission to do so. By providing unauthorized access to the Works, Defendants are engaging in copyright infringement.

19. Upon information and belief, Defendants have infringed and are infringing the copyright in the Works by unlawfully reproducing and distributing identical copies of the Works, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

20. The natural and probable foreseeable result of Defendants' wrongful conduct has been to deprive Plaintiffs of the benefits of soliciting sales of products that are showcased in the Works and licensing others to sell products embodying the Works and to injure Plaintiffs' relationship with present and prospective customers.

21. Defendants' unauthorized use of Works to conduct jewelry sales and wrongful conduct has also deprived and continues to deprive Plaintiffs of the opportunity of expanding their goodwill.

22. Defendants' infringements were and are willful, in bad faith, and executed with full knowledge of Plaintiff Guldberg's copyright, and in conscious disregard for Plaintiff Guldberg's exclusive rights in the protected Works.

23. Defendants, apart from copying Plaintiff Guldberg's Works also copy product description of various jewelry products of Plaintiff Awareness Avenue. Customers that do not receive their products or receive counterfeit products have contacted Plaintiff Awareness Avenue for resolution of their issues, under belief that the products were sold by Plaintiff Awareness Avenue. This has caused irreparable harm to Plaintiff Awareness Avenue's goodwill and reputation.

24. Defendants' deliberate infringement of Plaintiff Guldberg's copyright has greatly and irreparably damaged Plaintiffs, and Defendant will continue to damage Plaintiffs greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiffs will have no adequate remedy at law. Accordingly, Plaintiffs are entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

## COUNT ONE: COPYRIGHT INFRINGEMENT

25. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-23.

26. Plaintiff Guldberg is the exclusive owner of the copyright in its jewelry product, Works, and possesses registration with the United States Copyright Office pursuant to 17 US.C. § 411(a) in the Works titled "Celebrating Relationships Jewelry Photoshoot" with registration number as VAu001486994. Plaintiff Guldberg is currently and at all relevant times has been the sole proprietor of all rights, title and interest in and to the copyrights of the Works. Plaintiff Guldberg owns valid copyrights in the Works at issue in this case.

27. Plaintiff Guldberg registered the Works with the Register of Copyrights pursuant to 17 US.C. § 411(a). A true and correct copy of the Certificate of Registration from the U.S. Copyright Office is attached as **Exhibit-1** hereto.

28. The Works are wholly original work that is copyrightable subject matter under the laws of the United States. Defendants have actual notice of Plaintiffs' exclusive copyright rights, and Plaintiff Guldberg's copyright registrations on the Principal Register of the United States Copyright Office further provide constructive notice of Plaintiff's ownership rights over the Works.

29. Defendants did not seek and failed to obtain Plaintiff Guldberg's consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise the Works. At no time has

Plaintiff Guldberg authorized Defendants to reproduce, distribute, prepare derivative works, or publicly display the Works or any portion thereof, and therefore Defendants acted in violation of the Copyright Act, 17 U.S.C. § 106.

30. Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and manufactured Works of Plaintiff Guldberg to solicit sales of their jewelry products.

31. Defendants intentionally and willfully applied the Works to labels, packaging, and advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Defendants' jewelry products. A comparison of Plaintiff Guldberg's Works and Defendants' webpages for soliciting sales of jewelry products is attached hereto as **Exhibit-2**.

32. Third-party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit-3**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); see also, report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit-4** and finding that on "at least some e-commerce platforms, little

identifying information is necessary or [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. **Exhibit-4** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit-4** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringement]." **Exhibit-3** at 186-187.

33. Defendants' continuing use of exact copies of Plaintiff's Works to solicit sales of their jewelry products constitute willful copyright infringement.

## COUNT TWO: DECEPTIVE AND UNFAIR TRADE PRACTICES

34. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-32.

35. Defendants' willful direct infringement of the Works to solicit sales of its jewelry products are likely to deceive, mislead, betray, and defraud consumers who are customers of Plaintiffs.

36. Defendants have unfairly competed with and injured and will continue to injure Plaintiffs by soliciting sales of jewelry products by infringement of the Works. Defendants' infringement has and will cause irreparable injury to Plaintiffs'

goodwill and reputation associated with the value of Plaintiff Guldberg's Works and Plaintiff Awareness Avenue's jewelry products.

37. Defendants' acts and practices of operating multiple stores that infringe on the Works to avoid detection and copyright enforcement constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of Fla Stat 501.204.

## COUNT THREE: UNJUST ENRICHMENT

38. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-49.

39. Plaintiff Guldberg's Works have conferred the benefit of soliciting sales of jewelry products on Defendants. Defendants have knowledge of the benefit they derive from displaying the Works. Defendants have accepted the benefit of the Works by making sales of their jewelry products with the aid of the Works. It would be inequitable for Defendants to retain the benefits of the Works without paying fair value for it.

40. By virtue of the willful direct infringement of the Works, Defendants have been unjustly enriched in an amount to be proven at trial. Defendants' retention of monies gained through its deceptive business practices, infringements, acts of confusing consumers and otherwise have unjustly enriched Defendants.

41. Defendants' ill-gotten gains obtained from sales of its jewelry products with the aid of the Works, includes the monies that should have been paid to Plaintiffs as

licensing fees or otherwise if Defendants complied with their legal obligations.

## COUNT FOUR: UNFAIR COMPETITION

42. Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-40.

43. Defendants' acts and practices of operating multiple stores that infringe on the Works to avoid detection and copyright enforcement constitute acts of unfair competition that cause likelihood of consumer confusion that the stores operated by Defendants are associated with Plaintiff Awareness Avenue. Defendants' misconduct of soliciting sales with the aid of the Works of Plaintiff Guldberg deceive and confuse regular customers of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in its favor and against Defendants jointly and severally as follows:

A. For a preliminary and permanent injunction enjoining and restraining Defendant and all persons acting in concert with Defendants from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted Works, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendants' possession or control;

B. For a preliminary and permanent injunction enjoining and restraining Defendants and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiff Guldberg's copyrights;

C. For actual damages, punitive damages, and Defendant's profits to be determined at trial, plus interest;

D. For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

E. For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505; and

F. For an award of damages for unfair competition, deceptive and fraudulent act, unjust enrichment by Defendant in amount to be determined at trial, plus interest.

G. For an award of costs and attorney's fees pursuant to § 501.2105, Fla. Stat.; and

Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand trial by jury on all claims so triable.

Dated: January 3rd, 2023

By: *Michael Hurckes*
Michael A. Hurckes, Esq.
Florida Bar No. 1040918
MAH Advising PLLC
3030 N. Rocky Point Drive W., #150
Tampa, FL 33607
Tel.: (917) 791-0639
*Attorneys for Plaintiffs*

## VERIFICATION

<u>Michael A. Hurckes</u>, being duly sworn, deposes and says:

I am the Attorney for Plaintiffs in the above-entitled action. I have read the foregoing complaint and personally know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

*Michael Hurckes*
**MICHAEL A. HURCKES**
Attorney for Plaintiffs.

<u>3rd</u> day of January 2023