UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AWARENESS AVENUE JEWELRY
LLC and MIKKEL GULDBERG
HANSEN,

      Plaintiffs,

v.                                                       Case No. 8:23-cv-2-TPB-AAS

THE PARTNERSHIPS and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER**

This matter is before the Court on "Plaintiff's Motion for Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery," filed on January 3, 2023. (Doc. 2). On the basis of the verified complaint and the motion, the Court finds as follows:

**Background**[1]

Plaintiffs Awareness Avenue Jewelry LLC ("Awareness Avenue") and Mikkel Guldberg Hansen ("Guldberg") create, sell, and market jewelry, and Guldberg holds the copyright on a group of photographs relating to the jewelry (the "Works"). (Doc.

---

[1] The Court treats all allegations of the verified complaint as true for the purposes of this Order.

1 at ¶¶ 2, 4-5, 15-17).  Defendants, unknown foreign individuals and entities identified only by the "Seller Aliases" listed on Schedule A to the verified complaint, infringe on Guldberg's copyright by reproducing and displaying his Works without his consent or permission in order to solicit sales on Amazon, Etsy, E-bay and other interactive e-commerce stores.  (*Id*. at ¶¶ 5, 6, 8, 18-19, 29-31; Docs. 2-2; 2-4).  Customers who have not received ordered products or have received counterfeit products from these sources have contacted Awareness Avenue for resolution of their issues, believing that the products were sold by Awareness Avenue. (Doc. 1 at ¶ 23).  Plaintiffs assert that the likely result of Defendants' conduct is to deprive Plaintiffs of the benefits of soliciting sales based on the Works and harm to Plaintiffs' goodwill.  (*Id*. at ¶¶ 20, 21, 24).

Plaintiffs filed this suit seeking damages and injunctive relief for copyright infringement under 17 U.S.C. § 501 *et seq.*, violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), unjust enrichment, and unfair competition.  Plaintiffs simultaneously filed an *ex parte* motion for a temporary restraining order and other relief.

## Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances.  *See* Fed. R. Civ. P. 65(b).  Under Rule 65(b)(1), a federal court may only issue a temporary restraining order without first giving notice to the enjoined parties if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). If the movant establishes that it is justified in seeking *ex parte* relief, it next bears the burden to establish that injunctive relief is appropriate by showing: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## Analysis

This Court finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have presented specific facts in the verified complaint and attached exhibits showing that immediate and irreparable injury, loss, or damage will result to the Plaintiffs before the adverse parties can be heard in opposition. In the absence of an *ex parte* order, Defendants will likely continue infringing on Guldberg's copyrighted Works. If notice is provided, Defendants would likely change ownership, modify electronic data, change payment accounts, and move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. *See* (Doc. 1 at ¶¶ 6-10, 32); *see also Yizhou v. Individuals, Partnerships, & Unincorporated Associat[ions] Identified on Schedule "A,"* No. 22-

23558-Civ-Scola, 2022 WL 17551254, at *3 (S.D. Fla. Dec. 9, 2022); *CreeLED, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 8:22-cv-2739-MSS-TGW, slip op. at 8 (M.D Fla. Dec. 2, 2022); *Ain Jeem, Inc. v. The Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A,"* No. 8:21-cv-1082-KKM-CPT, slip op. at 6 (M.D. Fla. May 21, 2021). Accordingly, *ex parte* relief without notice is warranted in this case.

Plaintiffs have also demonstrated the requirements for preliminary injunctive relief. A copyright claim requires ownership of a valid copyright and copying by the defendant of protected elements of the copyrighted works. *E.g., Yizhou*, 2022 WL 17551254, at *2. Plaintiffs have shown a likelihood of success on this claim by evidence that Guldberg holds a copyright in the Works and that exact copies of Guldberg's Works appear on numerous commercial websites associated with Defendants. (Docs. 2-2; 2-4).

Plaintiffs have demonstrated immediate and irreparable harm will occur unless Defendants are enjoined. Defendants will continue to infringe and engage in other improper conduct. Awareness Avenue's current and prospective customers will be misled, confused, and disappointed by the quality of products sold by Defendants using the Works, thereby significantly and irreparably damaging Plaintiffs' valuable good will, which is difficult to measure or quantify. *See Ferrero v. Assoc. Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991) (loss of customers and goodwill constitutes irreparable injury); *Ferrellgas Partners, L.P., v. Barrow*, 143 F.

App'x 180, 190 (11th Cir. 2005) (irreparable injury includes loss of control of reputation, trade, and goodwill).

Any potential harm to Defendants from restraining their use of infringing images is outweighed by the potential harm to Plaintiffs if relief is not issued. The public interest is also served by preliminary relief to protect Plaintiffs, protect the public from being defrauded by Defendants' infringing and misleading conduct, and prevent Defendants from profiting from violations of federal and state law. *See TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1290, 1302 (S.D. Fla. 2016) (holding the public interest is advanced by enforcing compliance with the laws of the United States and the State of Florida); *Yizhou*, 2022 WL 17551254, at *3 ("The public interest favors issuance of the preliminary injunction to protect the Plaintiff's copyright interests, to encourage respect for the law, and to protect the public from being defrauded by the illegal sale of infringing goods").

Given the number of potentially affected parties, and based on a review of other decisions granting similar relief, the Court believes Plaintiffs should be required to post a bond of $10,000 as security. *See* Fed. R. Civ. P. 65(c); *see, e.g., CreeLED,* slip op. at 13.

For the foregoing reasons, the Court grants Plaintiffs' motion.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery" (Doc. 2) is **GRANTED**.

2. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them are temporarily enjoined and restrained from using or distributing copyrighted Works of Plaintiff Guldberg.

3. Defendants, their officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under or in active concert with them are temporarily enjoined and restrained from hosting or otherwise controlling any Internet content, server, or website that contains product listings containing protected Works posted by or on behalf of Defendants and to immediately take steps to ensure that the relevant information on any website, blog, or social media service is no longer viewable or accessible by persons using the Internet and prevent the alteration, destruction, or erasure of any Internet content, servers, or websites that contain this information.

4. Defendants will take steps to provide notification to each person who purchased products from Defendants using protected Works of Plaintiff Guldberg to solicit sales.

5. Upon Plaintiffs' request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with

any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon") and Etsy Inc. ("Etsy) (collectively, the "Third Party Providers") shall, within ten (10) business days after receipt of such notice, provide to Plaintiffs expedited discovery, limited to copies of documents in such person's or entity's possession or control, sufficient to determine:

a. the identities and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial

institutions, including, without limitation, PayPal Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Upon Plaintiffs' request, those with notice of this Order, including Third Party Providers as defined in Paragraph 5, shall within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods using Plaintiff Guldberg's Works.

7. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

8. Any Third-Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule-A hereto, the e-mail addresses identified in Schedule-A and any email addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Plaintiffs are authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identities and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, or

  other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

10. Plaintiffs may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the complaint, this Order, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified on Schedule A to the complaint and any email addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11. Within seven (7) calendar days of entry of this Order, Plaintiffs shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount was determined adequate for the

payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Any Defendant or other person that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Middle District of Florida Local Rules.

13. This temporary restraining order without notice is entered at 2:15 p.m. on this 18th day of January 2023 and shall remain in effect for fourteen (14) days.

14. This matter will be scheduled for a preliminary injunction hearing by separate notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 18th day of January, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**