UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AWARENESS AVENUE JEWELRY
LLC and MIKKEL GULDBERG
HANSEN,

      Plaintiffs,

v.                                                 Case No. 8:23-cv-2-TPB-AAS

THE PARTNERSHIPS and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.
_____/

## **PRELIMINARY INJUNCTION ORDER**

This matter is before the Court on "Plaintiff's Motion for Entry of a Preliminary Injunction" (Doc. 17), filed on February 3, 2023. The Court held a hearing on this motion on February 9, 2023. No party has appeared to oppose the motion. On the basis of the verified complaint, the motion, and the supporting declaration of Michael A. Hurckes, the Court finds as follows:

The factual background of this case, the legal principles governing preliminary injunctive relief, and the principles' application here are set forth in the Court's January 18, 2023 Order granting Plaintiffs' motion for a temporary restraining order (Doc. 9) and are incorporated herein by reference. Briefly stated, Plaintiffs Awareness Avenue Jewelry LLC ("Awareness Avenue") and Mikkel Guldberg Hansen ("Guldberg") create, sell, and market jewelry, and Guldberg holds

the copyright on a group of photographs relating to the jewelry (the "Works"). Defendants, unknown foreign individuals and entities identified only by the "Seller Aliases" listed in Schedule A to the verified complaint and in Exhibit 1 hereto, infringe on Guldberg's copyright by reproducing and displaying his Works without his consent or permission in order to solicit sales on Amazon, Etsy, E-bay and other interactive e-commerce stores.

The Court finds Plaintiffs have provided notice to Defendants in accordance with the Court's January 18, 2023 Order and Federal Rule of Civil Procedure 65(a)(1).  The Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants, because Defendants set up and operate interactive e-commerce stores that infringe on Guldberg's copyright and directly target consumers in the United States, including Florida.

The Court further finds that the injunctive relief previously granted in the January 18, 2023 Order should remain in place through the pendency of this litigation and that issuing this preliminary injunction is warranted under Federal Rule of Civil Procedure 65.  Evidence submitted in support of Plaintiffs' motion and in support of Plaintiffs' previously granted motion for a temporary restraining order establishes that Plaintiffs have demonstrated a likelihood of success on the merits, that no remedy at law exists, and that Awareness Avenue will suffer irreparable harm if the injunction is not granted.  Specifically, Plaintiffs have proven a prima facie case of copyright infringement because (1) Plaintiff Guldberg is the lawful assignee of all right, title and interest in and to the Works, (2) Defendants are

individuals and business entities of unknown make up who operate one or more fully interactive e-commerce stores that display and infringe Plaintiff Guldberg's Works to solicit sales of jewelry products, and (3) Defendants' continued and unauthorized use of the Works irreparably harms Awareness Avenue through loss of customers' goodwill, reputational harm, and Plaintiff Guldberg's ability to exploit the Works. Monetary damages fail to address such damage and, therefore, Plaintiffs have an inadequate remedy at law.  Moreover, the public interest is served by entry of this preliminary injunction to dispel the public confusion created by Defendants' actions.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Entry of a Preliminary Injunction" (Doc. 17) is **GRANTED**.

2. Defendants, their officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under or in active concert with them are preliminarily enjoined and restrained from using or distributing copyrighted Works of Plaintiff Guldberg.

3. Defendants, their officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under, or in active concert with them are preliminarily enjoined and restrained from hosting or otherwise controlling any Internet content, server, or website that contains product listings containing protected Works posted by or on behalf of Defendants

and to immediately take steps to ensure that the relevant information on any website, blog, or social media service is no longer viewable or accessible by persons using the Internet and prevent the alteration, destruction, or erasure of any Internet content, servers, or websites that contain this information.

4. Upon Plaintiffs' request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon") and Etsy Inc. ("Etsy) (collectively, the "Third Party Providers") shall, within ten (10) business days after receipt of such notice, provide to Plaintiffs expedited discovery, limited to copies of documents in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts,

      including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiffs' request, those with notice of this Order, including Third Party Providers as defined in Paragraph 4, shall within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods using Plaintiff Guldberg's Works.

6. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

7. Any Third-Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule-A to the verified complaint and in Exhibit 1 hereto, the e-mail addresses identified therein, and any email addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Plaintiffs may provide notice of these proceedings to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Schedule A to the verified complaint and in Exhibit 1 hereto, and any email addresses provided for Defendants by third parties that includes a link to said website.  The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Any Defendants or other persons subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Middle District of Florida Local Rules.

10. The $10,000 posted by Plaintiffs as security shall remain with the Court until a final disposition of this case or until this preliminary injunction is terminated.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 16th day of February, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**