UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:23-cv00002

AWARENESS AVENUE JEWELRY
and MIKKEL GULDBERG HANSEN,

    Plaintiffs,

vs.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS

Defendants Nos. 2, 12, 14, 19, 23, 25, 27, 35, 40, 42, 45, 46, 53, 54, and 68 (duratione.com, clusterw.com, resemblek.com, neverpaints.com, termuecular.com, fractionk.net, fastenery.com, summer-bud.com, admiratione.com, expectationd.com, aerthuake.com, confrontn.com, preferlikely.com, ondutyearth.com, and seebraw.com, respectively) as identified in Schedule A to the Complaint [DE 1] ("Defendants") respectfully request that the Court take judicial notice of the following materials relevant to Defendants' concurrently-filed motion to dismiss:

[materials and legal discussion on following page]

1. The court may take judicial notice of the materials that are the subject of this request. The Federal Rules of Evidence permit a court to take judicial notice of facts that are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). That is especially true where, as here, a party requests judicial notice of the fact that something (here, mostly photographs) appear at a certain website—as opposed to requesting judicial notice of the truth of statements made therein. *Trump v. Clinton*, No. 22-CV-14102, -- F. Supp. 3d ----, 2022 WL 4119433, at *12 (S.D. Fla. Sept. 8, 2022) (judicial notice of internet content for matters other than "the truth of their contents" is "consistent with Eleventh Circuit caselaw"); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (it "is not uncommon" to take judicial notice of internet materials; holding that "the district court abused its discretion by failing to take judicial notice of the actual earnings history provided by Northrop Grumman on the internet").

2. Attached as **Exhibit 1** is a screenshot of Plaintiffs' website at https://www.awareness-avenue.com/, captured on March 23, 2023. The Complaint expressly alleges that "Plaintiff Awareness Avenue … operates an online store at 'https://www.awareness-avenue.com/," (Compl. ¶ 5), so the Court may take judicial notice that items on that website were placed there by

Plaintiffs.  The Court may also take judicial notice that Plaintiffs' website links to Plaintiffs' Facebook page at https://www.facebook.com/awarenessavenuepage/ since the website contains a Facebook icon with a hyperlink to that URL.  (*Id*. (highlighted circle added for ease of reference, showing the hyperlink for that icon).)  *See E. G. Ground Mgmt. v. YCharts, Inc.*, No. CV1500055RGKSSX, 2015 WL 13357669, at *2 (C.D. Cal. May 8, 2015) (taking judicial notice of a hyperlink relevant to plaintiff's complaint, and dismissing the Complaint under a Rule 12(b)(6) motion); *Am. C.L. Union Found. v. Wash. Metro. Area Transit Auth.*, No. 17-CV-01598 (TSC), 2018 WL 7252897, at *2 (D.D.C. May 30, 2018) ("the court will take judicial notice that the hyperlink in Advertisement C was intended to link to the conference website").

3. The Court may also take judicial notice of evidence from Plaintiffs' Facebook page (itemized below) showing that Plaintiffs published photographs alleged to be infringed in this case on dates before the Plaintiffs obtained the "unpublished" photographs copyright registration at issue.  *See Trump v. Clinton*, *supra*, 2022 WL 4119433, at *12 (taking judicial notice of social media posts "for what they reveal about Plaintiff's knowledge" is "consistent with Eleventh Circuit caselaw," and "other circuits that have considered the issue have found it appropriate").  Indeed, in cases like this of alleged copyright infringement of photographs, courts have found that judicial notice of a copyright plaintiff's

3

social media posts is proper to show that the plaintiff posted the copyrighted materials on a certain date. *Wright v. Buzzfeed, Inc.*, No. 218CV02187CASAFMX, 2018 WL 2670642, at *1–2 and fn. 1 (C.D. Cal. June 4, 2018).

    a. **Exhibit 2** is a screenshot of a photograph posted on June 16, 2022 at https://www.facebook.com/awarenessavenuepage/photos/1664073940616312, which is the same as Plaintiffs' "Planet and Stars Necklace Model Hand" photograph (*see* DE 1-4 at 32).

    b. **Exhibit 3** is a screenshot of a photograph posted on July 5, 2022 at https://www.facebook.com/awarenessavenuepage/photos/1678077609215945, which is the same as Plaintiffs' "Planet and Stars Necklace Model Neck" photograph (*see* DE 1-4 at page 2 of the ECF PDF (all page references for DE 1-4 are to ECF pages).)

    c. **Exhibit 4** is a screenshot of a photo posted September 26, 2022 at https://www.facebook.com/awarenessavenuepage/photos/1738836046473434, which is the same as Plaintiffs' "Forever Linked Together Ring with Card" photograph (*see* DE 1-4 at 171)

    d. **Exhibit 5** is a screenshot of a photograph posted October 6, 2022 at https://www.facebook.com/awarenessavenuepage/photos/1747332712290434, which is the same as Plaintiffs' "3 Rings For 3 Generations Of Love Silver Sheet" photograph (*see* DE 1-4 at 96)

4

  e. **Exhibit 6** is a screenshot of a photograph posted October 6, 2022 at https://www.facebook.com/awarenessavenuepage/photos/1747332702290435, which is the same as Plaintiffs' "3 Rings For 3 Generations Of Love Gold Sheet" photograph (*see* DE 1-4 at 98)

  f. **Exhibit 7** is a screenshot of a photograph posted October 6, 2022 at https://www.facebook.com/awarenessavenuepage/photos/1747332382290467, which is the same as Plaintiffs' "3 Rings For 3 Generations Of Love Necklace Wood Box Silver" photograph (*see* DE 1-4 at 96)

  g. **Exhibit 8** is a screenshot of a photograph posted October 6, 2022 at https://www.facebook.com/awarenessavenuepage/photos/1747332648957107, which is the same as Plaintiffs' "3 Rings For 3 Generations Of Love Necklace Model Dress" photograph (*see* DE 1-4 at 97)

  h. **Exhibit 9** is a screenshot of a photograph posted October 22, 2022 at https://www.facebook.com/awarenessavenuepage/photos/1761191497571222, which is the same as Plaintiffs' "To My Son Love You Forever Gift Bracelet" photograph (*see* DE 1-4 at 103)

4. The Wayback Machine evidence (**Exhibits 10-14**) is also subject to judicial notice. "Internet Archive, a corporation, … preserves Internet website

5

publications at a specific date and time through a service identified as the Wayback Machine." *State Nat. Ins. Co., Inc. v. Highland Holdings, Inc.*, 2015 WL 3466215, at *1 (M.D. Fla. June 1, 2015). "The Wayback Machine compiles archived data using software programs known as crawlers, which surf the Web and automatically store copies of web files, preserving these files as they exist at the point of time of capture." *Id*. "The Wayback Machine keeps track of the specific date and time that the website publication was captured and records the date and time in a uniform resource locator (URL)." *Id*. "The assigned URL appears as follows: http://web.archive.org/web/[Year in yyyy] [Month in mm] [Day in dd] [Time code in hh:mm:ss]/[Archived URL]." *Id*. (brackets in original). For example, "[t]he numeric string concluding the URL, http://web.archive.org/web/20100707060928, confirms the Wayback Machine's recording of the website publication bearing that identifier, during the twenty-eighth second of the ninth minute of the sixth hour of July 7th in the year 2010." *Id*. Federal courts in Florida readily take judicial notice of Wayback Machine evidence. *E.g.*, *id.*; *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) ("This Court follows the lead of the ***overwhelming number of courts*** that have decided the issue and takes judicial notice of the contents of WayBack Machine evidence because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'") (emphasis added, quoting

Fed. R. Evid. 201(b)(2)).

    a. **Exhibit 10** is a Wayback Machine screenshot from the url https://web.archive.org/web/20220928212716/https://www.awareness-avenue.com/products/to-my-son-love-you-forever-gift-bracelet . This shows six photographs available on Plaintiffs' website, awareness-avenue.com on September 28 2022 (and likely earlier), which match photos that Plaintiffs allege to be infringed, including the "To My Son Love You Forever Gift Bracelet," "To My Son Love You Forever Gift Bracelet with Card," "To My Son Love You Forever Gift Bracelet Model Neck," "To My Son Love You Forever Gift Bracelet Model Wrist," "To My Son Love You Forever Gift Bracelet Card Box Front," and "To My Son Love You Forever Gift Bracelet Card Box Front." (DE 1-4 at 103-104.)

    b. **Exhibit 11** is a Wayback Machine screenshot from the url https://web.archive.org/web/20221005095851/https://www.awareness-avenue.com/products/granddaughter-straighten-your-crown-925-silver-necklace. This shows, among other things, five photographs available on Plaintiffs' website, awareness-avenue.com on October 5, 2022 (and likely earlier), which match photos that Plaintiffs allege to be infringed, including "Planet and Stars

Necklace," "Planet and Stars Necklace Model Hand," "Planet and Stars Necklace Angled View," "Planet and Stars Necklace Side View," and "Planet and Stars Necklace Daughter Box." (DE 1-4 at 92.) **Exhibit 12** is a Wayback Machine screenshot from the url https://web.archive.org/web/20220703062013/https://www.awareness-avenue.com/products/daughter-special-star-925-silver-necklace and shows those same five photographs already available on Plaintiffs' website as early as July 3, 2022.

c. **Exhibit 13** is a Wayback Machine screenshot from the url https://web.archive.org/web/20221005095851/https://www.awareness-avenue.com/products/granddaughter-straighten-your-crown-925-silver-necklace. This shows, among other things, three photographs available on Plaintiffs' website, awareness-avenue.com on October 5, 2022 (and likely earlier), which match photos that Plaintiffs allege to be infringed, including "Daughter Granddaughter Straighten Your Crown Necklace Model Black Coat," "Daughter Granddaughter Straighten Your Crown Necklace Model Finger," and "Daughter Granddaughter Straighten Your Crown Necklace Model Neck." (DE 1-4 at 55.) **Exhibit 14** is a Wayback Machine screenshot from the URL

8

      https://web.archive.org/web/20220522211549/https://www.awareness-avenue.com/products/granddaughter-straighten-your-crown-925-silver-necklace which shows the "Daughter Granddaughter Straighten Your Crown Necklace Model Black Coat," photo on awareness-avenue.com as early as May 22, 2022.

   d.  Attached as **Exhibit 15** is a Wayback Machine screenshot from https://web.archive.org/web/20220703061053/https://www.awareness-avenue.com/products/granddaughter-pinky-promise-ring, which shows, among other things, five photographs available on Plaintiffs' website, awareness-avenue.com on July 3, 2022 (and likely earlier), which match photos that Plaintiffs allege to be infringed, including "Pinky Promise Ring Model Wrist," "Pinky Promise Ring Brown Sheet," "Pinky Promise Ring Blue Sheet," "Pinky Promise Ring Model Pinch," and "Pinky Promise Ring."  (DE 1-4 at 158-9.)

5.    The Court should take judicial notice of the Wayback Machine discussed above—not for the truth of any statements therein—but because they establish that Plaintiffs *published* many photographs alleged to be infringed in this case before the Plaintiffs obtained a copyright registration that included those photos among a supposed group of *unpublished* works.

6.    Plaintiffs cannot dispute that the Wayback Machine evidence is from

Plaintiffs' own website, since Plaintiffs' Complaint expressly alleges that "Plaintiff Awareness Avenue … operates an online store at 'https://www.awareness-avenue.com/,'" (Compl. ¶ 5), which is the exact URL for the Wayback Machine evidence at exhibits 10-14.

7. Additionally, **Exhibit 16** is a screenshot from Facebook's Terms of Service from June 16, 2022, as well as a printout of those full terms at that time, at https://web.archive.org/web/20220616020405/https://www.facebook.com/legal/terms/ (highlighting added at page 7 out of 11 of the printout). Through the quoted language below, this establishes that Plaintiffs must have, by necessity, granted Facebook a license to distribute the allegedly copyrighted photographs in order to post them on the Facebook website. Separately, **Exhibit 17** is a copy of Facebook's current Terms of Service as of March 23, 2023, at https://www.facebook.com/legal/terms, showing that the relevant language has not changed during the period where Plaintiffs published the photographs at issue on Plaintiffs' Facebook page (*see* Exhibits 2-9, discussed above):

> However, to provide our services we need you to give us some legal permissions (known as a "license") to use this content. This is solely for the purposes of providing and improving our Products and services as described in Section 1 above.
>
> Specifically, when you share, post, or upload content that is covered by intellectual property rights on or in connection with our Products, you grant us a non-exclusive, transferable, sub-licensable, royalty-free, and worldwide license to host, use, distribute, modify, run, copy, publicly perform or display, translate, and create

10

derivative works of your content (consistent with your privacy and application settings). This means, for example, that if you share a photo on Facebook, you give us permission to store, copy, and share it with others (again, consistent with your settings) such as Meta Products or service providers that support those products and services. This license will end when your content is deleted from our systems.

Respectfully submitted,

*/s/Joseph R. Wilbert*
Joseph R. Wilbert
DGW KRAMER LLP
One Rockefeller Plaza
Suite 1060
New York, NY 10020
jwilbert@dgwllp.com
*Tel: 1-949-632-3837*
*Counsel for Defendants* Nos. 2, 12, 14, 19, 23, 25, 27, 35, 40, 42, 45, 46, 53, 54, and 68 (duratione.com, clusterw.com, resemblek.com, neverpaints.com, termuecular.com, fractionk.net, fastenery.com, summer-bud.com, admiratione.com, expectationd.com, aerthuake.com, confrontn.com, preferlikely.com, ondutyearth.com, and seebraw.com, respectively)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 24th day of March 2023, via transmissions of Notice of Electronic Filing generated by CM/ECF to all parties or counsel of record in this matter.

*/s/ Joseph R. Wilbert*
Joseph R. Wilbert

11