## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| AWARENESS AVENUE JEWELRY LLC and MIKKEL GULDBERG HANSEN, | ) ) ) | |
| Plaintiffs, | ) | Case No.: 8:23-cv-00002-TPB-AAS |
| v. | ) ) | District Judge Thomas P. Barber |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) ) | Magistrate Judge Amanda Arnold Sansone |
| Defendants. | ) | |

### Defendant Buulgo's Motion to Dismiss Under Rule 12(b)(2)

 **NOW COMES** defendant Buulgo ("Defendant"), by and through its undersigned counsel, and hereby moves the court for dismissal under Fed. R. Civ. P. 12(b)(2).  This Court is no stranger to infringement suits involving foreign defendants: however, the present case is an example of overreach.  Defendant timely bring their motion to dismiss the Plaintiff's Complaint under Rule 12(b)(2) for lack of personal jurisdiction.

Plaintiffs filed its Complaint on January 3, 2023, alleging that Defendant committed copyright infringement, deceptive and unfair trade practices, unjust enrichment, and unfair competition.  [Dkt. 1].  Also on January 3, 2023, Plaintiffs filed an *ex parte* motion for a temporary restraining order, which was granted on January 18, 2023. [Dkts. 2, 9].

Plaintiffs asserts in its Complaint that this Court maintains "personal jurisdiction over [Defendant] since each of the Defendants directly targets business activities toward consumers in the United States, including Florida."  [Dkt. 1 at ¶ 14].  This representation to the Court is exaggerated.  Defendant never sold a single unit of the allegedly infringing

product in the state of Florida.  Declaration of Hefan ¶ 5.  Plaintiff's assertion that Defendant has "sold products by utilizing Plaintiff Guldberg's Works to residents of Florida" is legibly false.  [Dkt. 1 at ¶ 14].  Defendant did not purposefully avail itself to the jurisdiction of the State of Florida or this Court's judicial district.  Accordingly, Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint against Defendant under Rule 12(b)(2) for lack of personal jurisdiction.

I.   **<u>Statements of the Relief Requested and Basis Therefor</u>**.  Defendant is requesting dismissal from the lawsuit with prejudice.  Because Defendant has not sold any allegedly infringing product into Florida and has not otherwise targeted Florida with any sales activity, the Defendant lacks sufficient minimum contacts with the forum.

II.  **<u>Argument</u>**

   a.  **This Court lacks sufficient personal jurisdiction over the Defendants**

   Plaintiff bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case for jurisdiction.  <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1274 (11th Cir. 2009).  The court may exercise personal jurisdiction over a non-resident defendant only if the exercise of jurisdiction is appropriate under the long-arm statute of the relevant state and under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  <u>Internet Sols. Corp. v. Marshall</u>, 557 F.3d 1293, 1995 (11th Cir. 2009).

   Constitutional due process requires that this Court determines whether a Defendant has sufficient "minimum contacts" with the forum state and if the Court's exercising of jurisdiction over a Defendant would "offend traditional notions of fair play and substantial justice."  <u>Id</u>.  It is "unconstitutional to force a defendant to appear in a distant court unless it

has done something that should make it reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Further, Florida's long-arm statute provides for both general and specific personal jurisdiction. Plaintiff has not factually alleged any sufficient contacts - and none exist - necessary for this Court to exercise either general or specific personal jurisdiction over Defendant. Fla. Stat. Ann. § 48.193(1)-(2). Accordingly, this Court should dismiss the Plaintiff's Complaint with respect to Defendant under Rule 12(b)(2) for lack of personal jurisdiction. Peruyero v. Airbus S.A.S., 83 F. Supp. 3d 1283, 1285 (S.D. Fla. 2014) ("A court must dismiss an action against a defendant over which it has no personal jurisdiction.")

**b. Defendant is not subject to general jurisdiction in Florida**.

General jurisdiction requires a foreign defendant to "have affiliations with the [forum] State [which] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 749 (2014). Under Florida's long arm statute, general personal jurisdiction exists when a defendant "is engaged in substantial and not isolated activity within this state…whether or not the claim arises from that activity." Fla. State. Ann. § 48.193(2). "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." Fraser v. Smith, 594 F.3d 842, 846 (11th Cir. 2010). Absent exceptional circumstances, a defendant is deemed to be "at home" only in the state where they are incorporated or maintain their principal place of business. See, Daimler AG v. Bauman, 571 U.S. 117, 118 (2014). Factors relevant, but not dispositive, to this analysis include: (i) the presence and operation of an office in Florida; (ii) the possession and

maintenance of a license to do business in Florida; (iii) the number of Florida clients served; and (iv) the percentage of overall revenue gleaned from Florida Clients.  Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162 (11th Cir. 2005).

Applying these factors here, general jurisdiction is manifestly lacking.  Plaintiff essentially concedes, and Defendant confirms, that they are foreign (Chinese) proprietors with a principal place of business in China.  [Dkt. 1 at ¶ 6]; Hefan Decl. ¶ 4.  Defendant never owned, leased, or utilized an office in Florida.  Id.  Defendant never advertised, held a telephone listing, or maintained a bank account in Florida, nor has Defendant had any agents, employees, or contractors in Florida.  Id.  Plaintiff also does not allege any facts establishing any pervasive or otherwise constant affiliation with Florida.  Accordingly, this Court does not have general personal jurisdiction over the Defendant.

### c.  Defendant is not subject to this Court's specific personal jurisdiction.

This Court also does not have specific personal jurisdiction over the Defendant, which generally requires that (1) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state"; (2) the "plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"; and (3) "whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'"  Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013).  Plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a "defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice."  Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1267 (11th Cir. 2010).  Courts cannot find the

sufficient minimum contact requirement has been met when a nonresident defendant's contacts are "so 'random,' 'fortuitous,' or 'attenuated' that it cannot fairly be said that the potential defendant 'should reasonably anticipate being haled into court' in another jurisdiction." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

        *i.*   *Defendant has not purposefully directed their allegedly-infringing activities at Florida or thereby purposefully availed itself of the privilege of conducting business in Florida.*

Plaintiff alleges that Defendant operates at least one e-commerce store and has sold products by utilizing Plaintiff Guldberg's Works to residents of Florida. [Dkt. 1 at ¶ 14]. Plaintiff's assertion as to the Defendants' sales are false and its belief mistaken.  In reality, Defendant never sold a single allegedly infringing product to any resident of the state of Florida. Hefan Decl. ¶ 4. These allegations fall short of: (i) demonstrating that Defendants availed itself of the privilege of conducting business in Florida; or (ii) how Defendants' online e-commerce storefronts are "purposefully directed" at Florida.  The requirement that Plaintiff do so is to prevent Defendant - or any defendant - from being haled into a jurisdiction based solely on activities that are random, fortuitous or attenuated.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

For e-commerce cases, the jurisdictional question is whether the website's activity as well as the defendant's actual interactions with the state of Florida are sufficient to establish that the company has purposely availed itself of a state through its website.  Roblor Mktg. Grp., Inc. v. GPS Indus., Inc., 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009).  The mere world-wide accessibility of a defendant's website "in the absence of any actual interaction

will not support a finding that jurisdiction attaches." Id.; Dynetech Corp. v. Leonard Fitness, Inc., 523 F. Supp. 2d 1344, 1348 (M.D. Fla. 2007) ("While these websites likely are as accessible from Florida as they are from any other state or anywhere in the world where Internet access is available, such accessibility does not amount to 'purposeful availment' of conducting activities with Florida."). Rather, "something more" than simply posing allegedly infringing material on a website viewable in Florida is required to find that website activity was targeted at a particular forum thereby invoking the benefit of the forum state's laws. Organic Mattresses, Inc. v. Environmental Res. Outlet, Inc., 2017 WL 5665354 (S.D. Fla. Oct. 6, 2017) (holding no jurisdiction existed where plaintiff failed to present "evidence that a single sale occurred in Florida by a consumer who saw the allegedly infringing content" on defendant's website); Frida Kahlo Corp. v. Pinedo, 2021 WL 4147876 (S.D. Fla. Sept. 13, 2021) (holding no personal jurisdiction existed where Plaintiff failed to allege that defendant ever sold goods from their e-commerce website to Florida residents); CCTV Outlet, Corp. v. Desert Sec. Sys. L.L.C., 2017 WL 5640717 (S.D. Fla. Aug. 7, 2017) (holding purposeful availment prong was not met where website at issue was not "manifestly intended" to target Florida and the defendants had no evidence of sales into Florida); Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1357 (11th Cir. 2013) ("We are not saying that the mere operation of an interactive website alone gives rise to purposeful availment anywhere the website can be accessed."); Instabook Corp. v. Instantpublisher.com, 469 F. Supp. 2d 1120, 1126 (M.D. Fla. 2006) (finding no personal jurisdiction where the defendant made two sales to Florida residents through a commercial, interactive website); Performance Indus. Mfg., Inc. v. Vortex Performance Pty Ltd., 2019 WL 78840 (M.D. Fla. Jan. 2, 2019) (finding no

personal jurisdiction where defendant maintained a website that allowed for purchase and delivery of goods accessible in Florida, because the only sales in Florida were caused by Plaintiff's counsel as part of litigation); <u>DCS Real Est. Invs., LLC v. Bella Collina Events, LLC</u>, 2015 WL 628586 at *3 (M.D. Fla. Feb. 12, 2015) ("Because [defendant] did not utilize its online presence to actively solicit business from Florida residents, [defendant] did not purposefully avail itself of the Florida forum").

 <u>Organic Mattresses</u> is very analogous to the instant case. In <u>Organic Mattresses</u>, the court determined that the plaintiff could not establish personal jurisdiction over the defendant on its trademark infringement claims where the plaintiff failed to offer any proof that the allegedly infringing product was ever sold to a customer in Florida. <u>Id.</u> Just like in <u>Organic Mattresses</u>, here there is no evidence in the record of any actual sales or interaction with the state of Florida. *See also*, <u>Vital Pharms., Inc. v. Bang Diamonds LLC</u>, 2022 WL 3867894 at *1-2 (S.D. Fla. Aug. 30, 2022) (finding no purposeful availment despite Defendant operating a fully interactive website that offered shipping "within all 48 contiguous states within the United States" because Defendant submitted an affidavit stating that no sales were actually made to Florida consumers); <u>Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.</u>, 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009) ("The mere world-wide accessibility of [defendant's] websites in the absence of any actual interaction will not support a finding that jurisdiction attaches"). In fact, there is no evidence in the record that a Florida resident ever even viewed Defendant's storefront. <u>Volt, LLC v. Volt Lighting Grp. LLC</u>, 369 F. Supp. 3d 1241, 1248 (M.D. Fla. 2019) (finding no personal jurisdiction when plaintiff presented no evidence that defendant's website "was viewed by, and confused, a Florida

consumer or even targeted a Florida consumer."); *see also* <u>Rubik's Brand, Ltd. v. Partnerships</u> <u>& Unincorporated Associations Identified on Schedule A</u>, 2021 WL 825668 at *4 (N.D. Ill. Mar. 4, 2021) ("That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly."). There is no indication that Defendant specifically targets Florida or its residents, and with zero actual sales, Plaintiff has failed to articulate how the Defendant has purposely availed themselves to the jurisdiction of the state of Florida.

> ***ii.*** *Plaintiff's alleged injury does not arise out of Defendant's activities in Florida.*

Plaintiff does not substantively allege that the Defendant acted at or in Florida, and similarly cannot show that Plaintiff suffered an injury in Florida. "A fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." <u>Fraser v. Smith</u>, 594 F.3d 842, 850 (11th Cir. 2010); *see also* <u>Res. Healthcare of Am., Inc. v. McKinney</u>, 940 So. 2d 1139, 1143 (Fla. Dist. Ct. App. 2006) (holding that Florida's long-arm statute "confers jurisdiction over parties who operate, conduct, engage in, or carry on a business or business venture in this state or have an office or agency in this state for any cause of action *arising from the 'doing of' those acts*."). Stated differently, a tort "arise[s] out of or relate[s] to" a defendant's activity in a state only if the activity is a "but-for" cause of the tort. *See*, <u>Waite v. All Acquisition Corp.</u>, 901 F.3d 1307 (11th Cir. 2018).

Plaintiff cannot, then, allege that any of its "injuries" are related to the Defendant's (non-existent) Florida-specific actions. Plaintiff alleges that Defendant sells and ships

counterfeit and infringing goods into Florida. [Dkt. 1 at ¶ 14].  However, Plaintiff's assertion, as to at least Defendant, is false and its belief mistaken; Defendant has not sold the allegedly-infringing products into Florida.  Hefan Decl. ¶ 5.  Moreover, the Defendant has not taken any action to specifically advertise or target sales to Florida consumers.

At most, the Defendant operated online stores that were accessible from Florida. However, this level of accessibility is no different than in any other forum where a resident has internet access and is insufficient to give rise to personal jurisdiction.  Fraser v. Smith, 594 F.3d at 847 ("the mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum."); Louis Vuitton Malletier, 736 F.3d at 1339 ("We are not saying that the mere operation of an interactive website alone gives rise to purposeful availment anywhere the website can be accessed.").

Indeed, "there is no nexus between any of the Defendants' activities and an injury suffered in Florida alleged in Plaintiffs' complaint."  Organic Mattresses at *10. Like in Organic Mattresses, there "is no competent proof that Defendants' [products] were ever sold to consumers in Florida who viewed the allegedly infringing materials on [defendants' websites]."  Id.  There is no evidence that any sales were made to Florida residents or that any Florida residents had even viewed the allegedly infringing trademark and suffered an injury in Florida. See, PeopleShare, LLC v. Vogler, 2022 WL 1404605 at *6 (S.D. Fla. May 4, 2022) (finding no jurisdiction where plaintiff failed to establish that "Defendants marketed, promoted, sold, or distributed their infringing goods and services to any Florida customers

as a result of viewing Defendants' website."). Accordingly, Plaintiff cannot show that any damage they may have endured was derived from the Defendant's acts in Florida.

> ### *iii. This Court's exercise of personal jurisdiction over the Defendants would not comport with fair play and substantial justice*

In addition to failing to show that the Defendant purposefully directed its activities at Florida or purposefully availed itself of the privilege of doing business in Florida, or that Plaintiff's "injuries" arose from Defendant's contacts within Florida, Plaintiff cannot show how subjecting the Defendant to this Court's personal jurisdiction comports with fair play and substantial justice. In making this determination, the Court must consider "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." Louis Vuitton Malletier 736 F.3d at 1358; S*ee also* Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty., 480 U.S. 102, 114 (1987). ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction across national borders."). While none of these factors is dispositive, the most important factors to consider are: (i) the interests of the states involved and (i) the relative convenience of litigating in that forum. Id.

In the present case, the Defendant would be significantly burdened with having to litigate the merits of the case in Florida. Defendant is based in China and conduct their business in China, several thousand miles away. Hefan Decl. ¶ 4. Defendant has no office, employees, or agents in Florida, and the Defendant would face considerable additional

expenditures by having to remotely manage local counsel, conduct discovery, and proceed through trial.  Id.

Further, Florida's interest in adjudicating the dispute tips against exercising personal jurisdiction: Plaintiff's claims are founded in federal copyright infringement. [Dkt. 1 at ¶ 25-33].  Litigating in this forum would not serve the interstate judicial system's interest in obtaining the most efficient resolution of the controversy as so little – if anything – happened here: evidence supporting Plaintiff's claims would theoretically come from individuals with no ties to Florida and/or from records of a company located in China on the other side of the Pacific Ocean.  [Dkt. 1. At ¶ 6]; Hefan Decl. ¶ 4.  The only things present in Florida are Plaintiff's lawyers, and a defendant is not subject to jurisdiction solely because the plaintiff *allegedly* suffered injury in the forum state.  *See*, MG Design Assocs., Corp. v. CoStar Realty Info., Inc., 267 F. Supp. 3d 1000, 1016 (N.D. Ill. 2017).  The Defendant is a Chinese proprietor and the nations' shared interest is "best served by…an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." Asahi, 480 U.S. at 115.

On review, no factor tips in favor of exercising personal jurisdiction.  All factors tip against exercising personal jurisdiction, and thus this court exercising personal jurisdiction over the Defendant would offend traditional notions of fair play and substantial justice.  Given this Court lacks personal jurisdiction over the Defendant the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) and any and all injunctive relief entered against the Defendant should be dissolved.

### d. The asset restraint should be limited to amounts that may possibly be recovered as profits through an equitable accounting.

Absent dismissal and at a minimum, this Court should limit the asset restraint to the amount that may possibly be recovered as profits through an equitable accounting. The Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a plaintiff's claim for money damages." Grupo Mexicano de Dessarrolo v. Alliance Bond Fund, 527 U.S. 308, 333 (1999). Furthermore, "the general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment." Charter Sch. Cap., Inc. v. N.E.W. Generation Preparatory High Sch. Of Performing Arts, Inc., 2015 WL 11201180 at *3 n. 3 (S.D. Fla. June 2, 2015) (internal citations omitted). Prejudgment asset restraints, therefore "should not include…financial accounts which bear no nexus to the alleged improper activities." F.T.C. v. Washington Data Res., 2011 WL 3566612 at *4 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, No. 8:09-CV-2309-T-23TBM, 2011 WL 3566208 (M.D. Fla. Aug. 12, 2011); U.S. Commodity Futures Trading Comm'n v. E-Metal Merchants, Inc., 2006 WL 8432005 (S.D. Fla. Jan. 9, 2006) ("any funds not reasonably related to the ultimate relief requested by Plaintiff should be released."); see also Animale Grp. Inc. v. Sunny's Perfume Inc., 256 F. App'x 707, 708 (5th Cir. 2007), *quoting*, Deckert v. Independence Shares Corp., 311 U.S. 282, 289-91 (1940) (noting that Prejudgment asset restraints are limited to cases seeking equitable relief, where they are narrowly drawn "to sequester only those funds necessary to satisfy the potential judgment.").

Applying these principles, any prejudgment asset restraint should be limited to amounts that the plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits in this case.  17 U.S.C. § 504(a); CenterPoint, LLC v. Langson, 2007 WL 9700540 at *1 (S.D. Fla. Nov. 14, 2007) ("This court is not empowered to grant preliminary equitable relief in an action for money damages."); Absolute Activist Value Master Fund Ltd. v. Devine, 2016 WL 1572388 at *3 (M.D. Fla. Apr. 19, 2016) ("the freezing of a defendant's assets prior to trial is improper where only legal relief in the form of money damages is sought."); Noventa Ocho LLC, 284 F. App'x at 727 ("The district court lacked the authority to enter this injunction because in the underlying litigation, Noventa asks only for damages, a legal remedy."); Absolute Activist Value Master Fund Ltd. v. Devine, 2016 WL 1572388 at *5 (M.D. Fla. Apr. 19, 2016) ("The asset freeze, however, may not preserve any amount of assets in excess of the equitable relief sought."); Chanel, Inc. v. 83bab.com, 2014 WL 11881008 (S.D. Fla. June 19, 2014), report and recommendation adopted,  2014 WL 11881007 (S.D. Fla. July 11, 2014) (refusing to extend asset freeze to Defendants accounts where there was an insufficient showing that the "accounts also contain illegal profits from the sale of the [counterfeit] goods."); see also, Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) ("[W]here equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief.  For example, where (as here) a litigant seeks the equitable remedy of an accounting of profits, then if the amount of the profits is known, then the asset freeze should apply on to that specific amount, and no more... In other words, the asset-restraint order must be limited

only to the extent that is needed to secure the equitable remedy; the scope of the exception
(to the general ban on prejudgment restraint) is limited by the scope of the exception's
rationale."); <u>Levi Strauss & Co. v. Sunrise Int'l Trading Inc.</u>, 51 F.3d 982, 987 (11th Cir.
1995) (concluding that the "district court had the authority to freeze those assets which
could have been used to satisfy an equitable award of profits" in a Lanham Act case);
McCarthy on Trademarks and Unfair Competition § 30:40 (4th ed.) (the purpose of freezing
assets is to preserve "security for plaintiff's future recovery on an accounting of the
counterfeiter's profits."); <u>F.T.C. v. Bishop</u>, 425 F. App'x 796, 798 (11th Cir. 2011) ("The
district court abused its discretion by imposing too broad of an asset freeze without making
any reasonable approximation of Defendant–Appellant's ill-gotten gains.").

Defendant has provided documentary proof, including sales records of the allegedly-
infringing product(s) supported by the attached declaration of Hefan. Defendant's total
revenue of the sale of allegedly-infringing products is $26. Hefan Decl. ¶ 5.

There is no basis for including amounts in these Defendants' Wish accounts beyond
these respective dollar amounts. <i>See, e.g.</i>, <u>CSC Holdings, Inc. v. Redisi</u>, 309 F.3d 988, 996 (7th
Cir. 2002); <i>see also</i>, <u>Klipsch Grp., Inc. v. Big Box Store Ltd.</u>, 2012 WL 4901407, at *2
(S.D.N.Y. Oct. 11, 2012) (reducing asset freeze upon defendants to $1,000 from $2,000,000
after defendants' documentary showing of profits earned from allegedly infringing goods);
<i>Cf.</i>, <u>Monster Energy Co. v. Chen Wensheng et al.</u>, 136 F. Supp. 3d 897 (N.D. Ill 2015)
(declining to modify injunction where defendants had not "submitted any evidence
regarding their PayPal account transactions to show that these funds are not the proceeds of
counterfeiting activities.") Accordingly, the amount of any asset restraint on the Defendants'

accounts should be reduced to, at most, the revenue from the Defendants' account's respective sales of allegedly-infringing products.

## III.    Conclusion

Intellectual property infringement suits against anonymous and generally-Chinese e-commerce retailers are very common in this District and few would disagree that intellectual property infringement is a matter that should be aggressively policed.  However, this motivation does not excuse a brand-owner, like Plaintiff, from obtaining judicial relief without complying with federal rules or the Court's jurisprudence.  Defendant is not subject to this Court's personal jurisdiction and is not properly before this Court. Accordingly, Defendant respectfully requests this Court dismiss Defendant with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) or, at a minimum, reduce the asset restraint afflicting Defendant to $26 to reflect the approximate amount of relief Plaintiff could restrain under principles of equity.

### Local Rule 3.01(g) Certification

Counsel for Defendant conferred with Plaintiff on March 30, 2023, and as of the filing of this motion Plaintiff has indicated that it opposes the relief requested herein.

Dated           March 30, 2023

<div style="margin-left: 50%;">

Respectfully submitted,

/s/Darren Heitner
HEITNER LEGAL, P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, FL 33301
darren@heitnerlegal.com
Ph.     (954) 558-6999

*Attorney for Defendant*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 30th day of March 2023, via transmissions of Notice of Electronic Filing generated by CM/ECF to all parties or counsel of record in this matter.

/s/Darren Heitner