# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| AWARENESS AVENUE JEWELRY LLC and MIKKEL GULDBERG HANSEN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 8:23-cv-00002-TPB-AAS |
| v. | ) ) | |
| | ) | District Judge Thomas P. Barber |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) ) ) | Magistrate Judge Amanda Arnold Sansone |
| Defendants. | ) | |

## Motion to Modify Asset Restraint

Defendant, Buulgo ("Defendant"), by and through its undersigned attorneys, and in support of its Motion to Modify the Asset Restraint, states as follows:

## I. Introduction

Plaintiffs filed its Complaint on January 3, 2023, alleging that Defendant committed copyright infringement, deceptive and unfair trade practices, unjust enrichment, and unfair competition. [Dkt. 1]. Also on January 3, 2023, Plaintiffs filed an *ex parte* motion for a temporary restraining order, which was granted on January 18, 2023. [Dkts. 2, 9]. On February 16, 2023, the Court granted Plaintiff's motion for entry of Preliminary Injunction. [Dkt. 20]. The asset restraint currently in place restricts withdrawal of any funds from Defendant's accounts, regardless of whether they are derived from lawful sales or from future income, and thereby substantially restricts Defendant's ability to continue its business.

There is currently approximately $290,728.36 restrained in the Defendant's account, which is over 11,000 times the revenue earned from the allegedly infringing activity, which strains equity. Declaration of Chen Yuexian ¶ 5, 7. The restrained amount also substantially exceeds the maximum

relief available to Plaintiff at trial; as Defendant listed the product with the image at issue since before Plaintiff's copyright registration, Declaration of Chen YuexianDecl. ¶ 5, 6, section 412(2) of the Copyright Act will limit Plaintiff's remedy at trial to actual damages or profits, and disallow statutory damages specifically for which, as set forth below, a prejudgment asset restraint anyway cannot specifically exist.  Plaintiff's remedy is limited to Defendant's sales. Defendant is a lawful merchant selling clothing and jewelry products and it will continue its operations while the litigation is underway and will pay Plaintiff the judgment amount this Court awards, if any, Declaration of Chen Yuexian ¶ 4.

This Court should modify the preliminary injunction to reduce the asset freeze to accord with the principles of equity underlying Rule 65 and as mandated by prevailing case law.

## II. <u>Argument</u>

### a. Legal Standard

Federal rules provide that a party may be afforded relief from an injunction where prospective application of the order is "no longer equitable."  Fed. Rs. Civ. P. 60(b)(5), 65(b)(4); <u>Sec. & Exch. Comm'n v. OTC Cap. Partners, LLC</u>, 2021 WL 9426827 at *2 (S.D. Fla. Oct. 20, 2021). There are no time constraints on a court to modify a preliminary injunction.  <u>Polaris Pool Sys., Inc. v. Great Am. Waterfall Co.</u>, 2006 WL 289118 at *4 (M.D. Fla. Feb. 7, 2006).  Modification of a preliminary injunction is proper when there has been a "change in circumstances between the entry of the injunction and the motion that would render the continuance of the injunction inequitable." <u>All Web Leads, Inc. v. D'Amico</u>, 2018 WL 6522167 at *3 (S.D. Fla. Nov. 9, 2018).  Therefore, modification avoids the injustice of requiring a defendant to continue compliance with an injunctive order under circumstances that would have prevented its entry in the first place.  <u>Polaris Pool</u>, 2006 WL 289118 at *4 (internal citations omitted).

The district court has the inherent power to grant appropriate equitable relief, and modification or dissolution of a preliminary injunction is within the sound discretion of the court that issues the injunction. Giant Screen Sports LLC v. Sky High Ent., 2009 WL 10712144 at *2 (S.D. Fla. Jan. 16, 2009). The party seeking relief bears the burden of establishing that changed circumstances warrant relief, but once the party carries this burden, a court abuses its discretion "when it refuses to modify an injunction or consent decree in light of such changes." Sec. & Exch. Comm'n v. Betta, 2018 WL 11448612 at *2 (S.D. Fla. Aug. 7, 2018).

**b. The asset restraint should be limited to amounts that may possibly be recovered as profits through an equitable accounting.**

This Court should limit the asset restraint to the amount that may possibly be recovered as profits through an equitable accounting. The Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a plaintiff's claim for money damages." Grupo Mexicano de Dessarrolo v. Alliance Bond Fund, 527 U.S. 308, 333 (1999). Furthermore, "the general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment." Charter Sch. Cap., Inc. v. N.E.W. Generation Preparatory High Sch. of Performing Arts, Inc., 2015 WL 11201180 at *3 n. 3 (S.D. Fla. June 2, 2015) (internal citations omitted). Prejudgment asset restraints, therefore "should not include … financial accounts which bear no nexus to the alleged improper activities." F.T.C. v. Washington Data Res., 2011 WL 3566612 at *4 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, 2011 WL 3566208 (M.D. Fla. Aug. 12, 2011); U.S. Commodity Futures Trading Comm'n v. E-Metal Merchants, Inc., 2006 WL 8432005 at *7 (S.D. Fla. Jan. 9, 2006) ("any funds not reasonably related to the ultimate relief requested by Plaintiff should be released."); *See also*, Animale Grp. Inc. v. Sunny's Perfume Inc., 256 F. App'x 707, 708 (5th Cir. 2007), *quoting*,

Deckert v. Independence Shares Corp., 311 U.S. 282, 289-91 (1940) (noting that Prejudgment asset restraints are limited to cases seeking equitable relief, where they are narrowly drawn "to sequester only those funds necessary to satisfy the potential judgment.").

Applying these principles, any prejudgment asset restraint should be limited to amounts that the plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits in this case. 17 U.S.C. § 504(a); Simport Plastiques, Ltd. v. Imprint Genetics Corp., 2008 WL 11470805 at *2 (S.D. Fla. July 30, 2008), *report and recommendation adopted*, 2008 WL 11470806 (S.D. Fla. July 30, 2008) ("A District Court can order an asset freeze as part of preliminary injunctive relief only with respect to assets in which an equitable interest is claimed and established."); Textron Fin. Corp. v. Unique Marine, Inc., 2008 WL 4716965 at *5 (S.D. Fla. Oct. 22, 2008) (same); Fed. Trade Comm'n v. Netfran Dev. Corp., 2005 WL 8155969 at *12 (S.D. Fla. Dec. 22, 2005), *report and recommendation adopted sub nom.* Fed. Trade Comm'n v. Netran Dev. Corp., 2006 WL 8433430 (S.D. Fla. June 12, 2006) ("there must be a nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit."); CenterPoint, LLC v. Langson, 2007 WL 9700540 at *1 (S.D. Fla. Nov. 14, 2007) ("This court is not empowered to grant preliminary equitable relief in an action for money damages."); Absolute Activist Value Master Fund Ltd. v. Devine, 2016 WL 1572388 at *3 (M.D. Fla. Apr. 19, 2016) ("the freezing of a defendant's assets prior to trial is improper where only legal relief in the form of money damages is sought."); Noventa Ocho LLC, 284 F. App'x 726, 727 ("The district court lacked the authority to enter this injunction because in the underlying litigation, Noventa asks only for damages, a legal remedy."); Absolute Activist Value Master Fund Ltd. v. Devine, 2016 WL 1572388 at *5 (M.D. Fla. Apr. 19, 2016) ("The asset freeze, however, may not preserve any amount of assets in excess of the equitable relief sought."); Chanel, Inc. v. 83bab.com, 2014 WL 11881008 (S.D. Fla. June 19, 2014), *report and recommendation adopted*, 2014 WL 11881007 (S.D. Fla. July 11, 2014) (refusing to extend asset freeze to Defendant's

accounts where there was an insufficient showing that the "accounts also contain illegal profits from the sale of the [counterfeit] goods."); *See also*, Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) ("[W]here equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief. For example, where (as here) a litigant seeks the equitable remedy of an accounting of profits, then if the amount of the profits is known, then the asset freeze should apply on to that specific amount, and no more... In other words, the asset-restraint order must be limited only to the extent that is needed to secure the equitable remedy; the scope of the exception (to the general ban on prejudgment restraint) is limited by the scope of the exception's rationale."); McCarthy on Trademarks and Unfair Competition § 30:40 (4th ed.) (the purpose of freezing assets is to preserve "security for plaintiff's future recovery on an accounting of the counterfeiter's profits."); F.T.C. v. Bishop, 425 F. App'x 796, 798 (11th Cir. 2011) ("The district court abused its discretion by imposing too broad of an asset freeze without making any reasonable approximation of Defendant–Appellant's ill-gotten gains.").

  Here, there has been a change in circumstances between the entry of the initial injunction and asset restraint and the current motion that render the continuance of the current injunction inequitable. The current injunction froze all funds in Defendant's accounts, however Defendant has provided evidence showing that Plaintiff has no equitable interest in particular restrained assets, as they are not the proceeds of the allegedly infringing activities. Simport Plastiques, Ltd., 2008 WL 11470805 at *2 ("A District Court can order an asset freeze as part of preliminary injunctive relief only with respect to assets in which an equitable interest is claimed and established."). Defendant has now provided documentary proof, including sales records of the allegedly-infringing products supported by the attached declaration of Chen Yuexian. Defendant has approximately $290,728.36 frozen in its account compared to a total revenue of $26, which is necessarily beyond Defendant's

total profits from sales of the allegedly-infringing product. Chen Yuexian Decl. ¶ 5, 7; *see also* Davis v. The Gap Inc. , 246 F.3d 152, 160 (2nd Cir., 2000) ("[T]he term 'gross revenue' under the statute means gross revenue reasonably related to the infringement, not unrelated revenues.").

There is no basis for including amounts in these Defendant's accounts beyond these respective dollar amounts. *See, e.g.*, CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002); *See also*, Klipsch Grp., Inc. v. Big Box Store Ltd., 2012 WL 4901407, at *2 (S.D.N.Y. Oct. 11, 2012) (reducing asset freeze upon defendants to $1,000 from $2,000,000 after defendants' documentary showing of profits earned from allegedly infringing goods); *Cf.*, Monster Energy Co. v. Chen Wensheng et al., 136 F. Supp. 3d 897 (N.D. Ill 2015) (declining to modify injunction where defendants had not "submitted any evidence regarding their PayPal account transactions to show that these funds are not the proceeds of counterfeiting activities."). Accordingly, the amount of any asset restraint on the Defendant's accounts should be reduced to, at most, the revenue from the Defendant's accounts respective sales of allegedly-infringing products.

### III. Conclusion

The scope of the extraordinary equitable remedy granted to Plaintiff is no longer equitable. Defendant has produced evidence showing what funds are the result of the allegedly infringing activity, and those funds are a small subset of those being affected by the preliminary injunction in this case. Plaintiff cannot maintain an asset freeze to help secure legal remedies, and the Court is constrained to limit pre-judgment asset restraints as to what may be recovered as equitable relief. Accordingly, the asset restraint improperly afflicting Defendant's accounts should be reduced in accordance with principles of equity to, at most, Defendant's profits from sales of the allegedly-infringing product.

## **L.R. 7.1(a)(3) Certification**

The undersigned counsel has conferred with all parties who may be affected by the relief sought hereunder (*i.e.*, Plaintiff), and Plaintiff has indicated that it opposes the requested asset restraint reduction.

April 7, 2023

                                              Respectfully submitted,

                                              /s/Darren Heitner
                                              HEITNER LEGAL, P.L.L.C.
                                              215 Hendricks Isle
                                              Fort Lauderdale, FL 33301
                                              darren@heitnerlegal.com
                                              Ph.    (954) 558-6999
                                              *Attorney for Defendant*