UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| AWARENESS AVENUE JEWELRY LLC and MIKKEL GULDBERG HANSEN<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,",<br><br>Defendants. | Case No.: 8:23-cv-2-TPB-AAS |

**OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO**

**MODIFY ASSET RESTRAINT**

Michael A. Hurckes, Esq.
Florida Bar No. 1040918
MAH Advising PLLC
3030 N. Rocky Point Drive W.,
#150 Tampa,
FL 33607
Tel.: (917) 791-0636
*Attorney for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................3

I.   INTRODUCTION ........................................................................................4

II.  ARGUMENT.................................................................................................5

   a) Legal Standard......................................................................................5

   b) Plaintiffs Are Entitled to Actual Damages or Elect for Statutory Damages Before Judgment and Not Just Profits of the Infringing Defendant...................................................................................................6

   c) Asset Restraint is Appropriate When Plaintiff Have Established a Clear Case of Equitable Relief in the Form Damage to Goodwill. .............9

III. CONCLUSION ........................................................................................11

# TABLE OF AUTHORITIES

## Cases

De Beers Consol. Mines v. United States, 325 U.S. 212, 219-20, 65 S. Ct. 1130, 1133-34, 89 L. Ed. 1566 (1944) ............................................................................ 9

Deckert v. Independence Shares Corp., 311 U.S. 282, 289-91, 61 S. Ct. 229, 85 L. Ed. 189 (1940) ............................................................................................... 6

Exxon Corp. v. Texas Motor Exchange of Houston, Inc., 628 F.2d 500, 503 (5th Cir. 1980). ............................................................................................................ 6

Fed. Sav. & Loan Ins. Corp. v. Dixon, 835 F.2d 554, 560 (5th Cir. 1987) ........ 9

Ferrellgas Partners, L.P. v. Barrow, 143 F. App'x 180, 190 (11th Cir. 2005). .. 10

Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991) .... 10

FTC v. U . S . Oil & Gas Corp., 748 F.2d 1431 (11th Cir. 1984) ........................ 10

FTC v. USA Fin., LLC, 415 F. App'x 970, 976 (11th Cir. 2011) ....................... 10

Porter v. Warner Holding Co., 328 U.S. 395, 66 S. Ct. 1086, 90 L. Ed. 1332 (1946) ............................................................................................................ 11

SEC v. ETS Payphones, Inc., 408 F.3d 727, 735 (11th Cir. 2005) .................... 8

Sportswear Co. v. 121212, No. 1:21-CV-04335-JPB, 2021 U.S. Dist. LEXIS 259936, at *5-6 (N.D. Ga. Oct. 21, 2021) ................................................... 8

Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 207 (D.C. Cir. 1981) ............................................................................. 8

St-Honore v. 2014meimei, No. 15-62426-CIV, 2016 U.S. Dist. LEXIS 129292, at *2 (S.D. Fla. Jan. 8, 2016) ........................................................................ 7

United States v. First Nat'l City Bank, 379 U.S. 378, 385, 85 S. Ct. 528, 13 L. Ed. 2d 365 (1965) ........................................................................................... 6

United States v. United Shoe Machinery Corp., 391 U.S. 244, 252, 88 S. Ct. 1496, 20 L. Ed. 2d 562 (1968) ...................................................................... 6

USACO Coal Co. v. Carbomin Energy, Inc., 689 F.2d 94 (6th Cir. 1982) ....... 9

## Statutes

17 U.S.C. § 501 ....................................................................................................... 5
17 U.S.C. § 504(b) ................................................................................................... 7

Plaintiffs Awareness Avenue Jewelry, LLC and Mikkel Guldberg Hansen, by and through undersigned counsel file this Opposition to Defendant's Emergency Motion to Modify Asset Restraint and state as follows:

## I. INTRODUCTION

The factual background of this matter is more fully set forth in the Complaint (the "Compl"). Awareness Avenue Jewelry, LLC ("Awareness Avenue) is engaged in the business of creating, selling, and marketing jewelry products, of which Plaintiff Mikkel Guldberg Hansen is the copyright holder of the group of unpublished photographs titled "Celebrating Relationships Jewelry Photoshoot," (the "Works"). Awareness Avenue filed a complaint for copyright infringement under 17 U.S.C. § 501. Defendant Buulgo resides and operates in the People's Republic of China and has infringed Plaintiffs' Works. Defendant operates e-commerce stores and sold products by displaying the Works to solicit sales of jewelry products.

On January 3, 2023, Plaintiffs filed their Complaint on the grounds of copyright infringement by the Defendants, deceptive and unfair trade practices, unjust enrichment, and unfair competition. (ECF [1]). On the same day, Plaintiffs filed an ex parte motion for a temporary restraining order. (ECF [2]), which was granted by an order dated January 18, 2023. (ECF [9]). Plaintiffs further filed a Motion for Extension of the TRO dated 01/25/2023, (ECF [12]), which was granted by an order dated 01/31/2023, extending the TRO until 02/15/2023. (ECF

[15]). Thereafter, Plaintiffs filed a Motion for Preliminary Injunction, (ECF [17]), which was granted by an order dated 02/16/2023, (ECF [20]). On 03/30/2023, a Motion to Dismiss for Lack of Jurisdiction by Defendant Buulgo was filed. (ECF [43]).

In entering the preliminary injunction, the court has previously considered the appropriateness of ordering an asset restraint on Defendant. Here, Defendant has failed to demonstrate any change in circumstances as to why the court should modify its prior ruling and lift the freeze in its entirety as to the assets of Defendant.

## II. ARGUMENT

### a) Legal Standard

In Deckert v. Independence Shares Corp., 311 U.S. 282, 289-91, 61 S. Ct. 229, 85 L. Ed. 189 (1940), the Court held that a district court had sufficient equitable powers to preliminarily freeze a defendant's assets in suits sounding in equity. The Court concluded that where a legal action is inadequate and an asset freeze is narrowly drawn to sequester only those funds necessary to satisfy the potential judgment, "'[i]t is well settled that the granting of a temporary injunction . . . is within the sound discretion of the trial court". See United States v. First Nat'l City Bank, 379 U.S. 378, 385, 85 S. Ct. 528, 13 L. Ed. 2d 365 (1965) (stating

that defendants might dissipate their assets if the district court could not freeze their bank accounts).

A court that issues an injunction retains continuing jurisdiction to modify it whenever the principles of equity require it to do so. Injunctions may be modified to impose more stringent requirements to ensure the original purposes of the injunction are met. Exxon Corp. v. Texas Motor Exchange of Houston, Inc., 628 F.2d 500, 503 (5th Cir. 1980). If the relief originally ordered has not produced the intended result, the court "should modify the decree so as to achieve the required result with all appropriate expedition." United States v. United Shoe Machinery Corp., 391 U.S. 244, 252, 88 S. Ct. 1496, 20 L. Ed. 2d 562 (1968). Modification of an injunction is particularly appropriate where, as here, the Defendants have acted to frustrate the purpose of the original injunction. St-Honore v. 2014meimei, No. 15-62426-CIV, 2016 U.S. Dist. LEXIS 129292, at *2 (S.D. Fla. Jan. 8, 2016)

### b) **Plaintiffs Are Entitled to Actual Damages or Elect for Statutory Damages Before Judgment and Not Just Profits of the Infringing Defendant.**

The Copyright Act provides that a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b)

Plaintiff is entitled to recover statutory damages from Defendant in the amount of one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Art infringed, as provided by 17 U.S.C. section 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorneys' fees. Plaintiffs have demonstrated that after a reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that Defendant(s) jointly operate and engage in copyright infringement of the Works, share digital infrastructure and/or personnel with manufacturers and are directly related to the manufacturers and/or each other and therefore form a chain of distribution of the infringing products with aid of the Works.

All parties to a chain of distribution of counterfeit products are jointly liable. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 207 (D.C. Cir. 1981)(stating that in "copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor"). Sportswear Co. v. 121212, No. 1:21-CV-04335-JPB, 2021 U.S. Dist. LEXIS 259936, at *5-6 (N.D. Ga. Oct. 21, 2021). The amount of assets subject to disgorgement (and, therefore available for freeze) is light: "a reasonable approximation of a defendant's ill-gotten gains [is required] . . . Exactitude is not a requirement. SEC v. ETS Payphones, Inc., 408 F.3d 727, 735 (11th Cir. 2005).

Plaintiffs have suffered damages in the form of decrease in the number of orders and sales from Florida residents due to Defendant's infringement and unfair trade practices (**Exhibit-1- Decl. of Mikkel Guldberg Hansen**) which also caused damage to its goodwill, which is yet to be ascertained.

**Sales decreased from December 2022 till March 2023**



**From December 2022 till March 2023 total sales decreased from $174253 to $7906**

As a general rule, such an injunction is not permissible to secure post-judgment legal relief in the form of damages. De Beers Consol. Mines v. United

States, 325 U.S. 212, 219-20, 65 S. Ct. 1130, 1133-34, 89 L. Ed. 1566 (1944). Nevertheless, case law does allow district court to exercise its equitable powers in ordering a preliminary injunction to secure an equitable remedy such as restitution. In USACO Coal Co. v. Carbomin Energy, Inc., 689 F.2d 94 (6th Cir. 1982), the Sixth Circuit affirmed a district court's grant of preliminary injunction restraining the corporate defendants from disposing of their assets. Fed. Sav. & Loan Ins. Corp. v. Dixon, 835 F.2d 554, 560 (5th Cir. 1987)

### c) Asset Restraint is Appropriate When Plaintiff Have Established a Clear Case of Equitable Relief in the Form Damage to Goodwill.

As a result of Defendant's actions, Plaintiff Awareness Avenue's current and prospective customers were misled, confused and disappointed by the quality of these products, thereby significantly and irreparably damaging Plaintiffs' valuable goodwill. [T]he loss of customers and goodwill is an 'irreparable' injury. Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991). Irreparable injury has been determined to include "loss of control of reputation, loss of trade, and loss of goodwill. See, Ferrellgas Partners, L.P. v. Barrow, 143 F. App'x 180, 190 (11th Cir. 2005). The Eleventh Circuit has repeatedly upheld the authority of district courts to order an asset freeze to preserve the possibility of consumer redress. See, FTC v. USA Fin., LLC, 415 F. App'x 970, 976 (11th Cir. 2011) ("Maintaining the asset freeze until the monetary judgment was

satisfied was necessary to accomplish complete justice.") ; Gem Merch. Corp., F.3d at 469; FTC v. U . S . Oil & Gas Corp., 748 F.2d 1431 (11th Cir. 1984)

Defendant's wilful infringement demonstrates its willingness to engage in wrongdoing. The possibility of a large monetary judgment provides Defendant with ample incentive to conceal or dissipate otherwise recoverable assets. Without an asset restraint of Defendant's PayPal account, it is unlikely that funds will remain to satisfy any final order granting redress to deceived consumers. The Court has the authority to direct its order to such third parties in order to preserve assets that are easily dissipated and may be difficult or impossible to trace.  An accounting and financial statement is still pending and combined with an asset freeze, will increase the likelihood of preserving existing assets pending final determination of this matter.

The general flexibility of equitable powers is enhanced where, as here, the public interest is at stake. As the Supreme Court stated in Porter v. Warner Holding Co., 328 U.S. 395, 66 S. Ct. 1086, 90 L. Ed. 1332 (1946): Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction. And since the public interest is involved in a proceeding of this nature, those equitable powers assume an even broader and more flexible character than when only a private controversy is at stake.

Plaintiff is entitled to equitable relief in the form of damage to its goodwill and damage to its business within Florida and an asset restraint is necessary to preserve assets to satisfy the judgment on merits.

### III. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion to Modify Asset Restraint must be denied. In the alternative, if Defendants' motion is not denied, Defendant be required to submit a bond of $150,000. Plaintiff also requests that the adjudication of this motion be extended till hearing of Defendant Buulgo's Motion to Dismiss (ECF [43]).

Date: April 17, 2023

Michael A. Hurckes, Esq.
/s/Michael A. Hurckes
Florida Bar No. 1040918
MAH Advising PLLC
3030 N. Rocky Point Drive W.,
#150 Tampa,
FL 33607
Tel.: (917) 791-0636
*Attorney for Plaintiffs*