**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| AWARENESS AVENUE JEWELRY LLC and MIKKEL GULDBERG HANSEN<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,",<br><br>Defendants. | Case No.: 8:23-cv-2-TPB-AAS |

<u>**PLAINTIFFS' OPPOSITION TO DEFENDANT BUULGO'S**</u>

<u>**MOTION TO DISMISS**</u>

Michael A. Hurckes, Esq.
Florida Bar No. 1040918
MAH Advising PLLC
3030 N. Rocky Point Drive W.,
#150 Tampa,
FL 33607
Tel.: (917) 791-0636
*Attorney for Plaintiffs*

## TABLE OF CONTENTS

I.   INTRODUCTION .............................................................................................. 5

II.  ARGUMENT ..................................................................................................... 6

   A.   Court has specific jurisdiction over Defendants as they have offered for sale products to Florida residents by infringing Plaintiffs' Works which are tortious acts and caused injury to Plaintiffs in Florida. ........................................................................... 6

   B.   Standard of Review ........................................................................... 17

   C.   This Court's exercise of personal jurisdiction over the Defendant comports with fair play and substantial justice ............................................................... 17

   D.   Defendants willfully and knowingly infringed Plaintiffs' copyright and the asset restraint is appropriate............................................................................ 19

III. CONCLUSION ................................................................................................. 21

# TABLE OF AUTHORITIES

## Cases

Borden v. Katzman, 881 F.2d 1035, 1038 (11th Cir. 1989) ..................................... 8

Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ................ 17

Cable/Home Commc'n Corp. ...................................................................................... 9

Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990) ......................................................................................................................... 7

Casella v. Morris, 820 F.2d 362 (11th Cir. 1987) ..................................................... 13

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir.2004) .............................................................................................. 17

Don King Prods. v. Mosley, No. 15-cv-61717-WILLIAMS, 2016 U.S. Dist. LEXIS 188060, 2017 WL 3950930, at *3 (S.D. Fla. Jan. 27, 2016) ................................. 12

Ferrellgas Partners, L.P. v. Barrow, 143 F. App'x 180, 190 (11th Cir. 2005) ......... 16

Ferrellgas Partners, L.P. v. Barrow, 143 F. App'x 180, 190 (11th Cir. 2005). ....... 20

Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991) ........... 14

Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991). ......... 20

FTC v. U . S . Oil & Gas Corp., 748 F.2d 1431 (11th Cir. 1984) .............................. 20

FTC v. USA Fin., LLC, 415 F. App'x 970, 976 (11th Cir. 2011) .............................. 20

Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1208 (Fla. 2010) ................. 10, 11

Internet Sols. Corp. v. Marshall, 557 F.3d 1293, 1296 (11th Cir. 2009) ................. 7

J. Racenstein & Co., Inc. v. Wallace, 1997 U.S. Dist. LEXIS 14928, 1997 WL 605107, 44 U.S.P.Q.2D (BNA) 1541, 1543 (S.D. N.Y. 1997) ............................................. 8

Kinon Surface Design, Inc. v. Hyatt Corp., No. 18-81065-CV, 2019 U.S. Dist. LEXIS 13670, at *8-9 (S.D. Fla. Jan. 28, 2019) ................................................................. 7

Kumbrink v. Hygenic Corp., No. 15-cv-23530-COOKE/TORRES, 2016 U.S. Dist. LEXIS 131348, 2016 WL 5369334, at *2 (S.D. Fla. Sept. 26, 2016) .................. 12

Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002) ............................................................................................................................... 12

Playboy Enters., Inc. v. Frena, 839 F. Supp. 1552, 1556 (M.D. Fla. 1993) ........... 13

Precision Software Servs., Inc. v. Fortune Fin. Sys., Inc., 1998 U.S. Dist. LEXIS 22068 (M.D. Fla. Oct. 13, 1998) ............................................................................ 9

Ramirez v. Grp. Servs., No. 6:16-cv-1831-Orl-37KRS, 2017 U.S. Dist. LEXIS 95265, at *8 (M.D. Fla. June 20, 2017) ............................................................................ 13

Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 433, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984) ....................................................................................... 13

<u>Sportswear Co. v. 121212</u>, No. 1:21-CV-04335-JPB, 2021 U.S. Dist. LEXIS 259936, at *5-6 (N.D. Ga. Oct. 21, 2021) ............................................................................ 13

<u>Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.</u>, 647 F.2d 200, 207 (D.C. Cir. 1981) ........................................................................................ 13

<u>Tracfone Wireless v. Narula</u>, No. 07-22202-CIV-HUCK/SIMONTON, 2008 U.S. Dist. LEXIS 141991, at *5-6 (S.D. Fla. Jan. 10, 2008) ....................................... 17

<u>Wendt v. Horowitz</u>, 822 So. 2d 1252, 1260 (Fla. 2002) ........................................... 11

<u>Woodard-CM, LLC v. Sunlord Leisure Prods.</u>, Inc., No. 20-23104-CV-WILLIAMS/TORRES, 2022 U.S. Dist. LEXIS 25019, at *18-19 (S.D. Fla. Feb. 10, 2022) ..................................................................................................................... 11, 12

<u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1198 n.2 (11th Cir. 2001) ............... 17

**Statutes**

17 U.S.C. § 501 ............................................................................................................ 5

17 U.S.C. § 504(b) ...................................................................................................... 19

Fla. Stat. § 48.193 ..................................................................................................... 8, 9

Fla. Stat. § 48.193(1)(b) .......................................................................................... 7, 10

Plaintiffs Awareness Avenue Jewelry, LLC and Mikkel Guldberg Hansen, by and through undersigned counsel file this Opposition to Defendant's Motion to Dismiss and state as follows:

## I.   INTRODUCTION

The factual background of this matter is more fully set forth in the Complaint (the "Compl" ECF #1). Awareness Avenue Jewelry, LLC ("Awareness Avenue) is engaged in the business of creating, selling, and marketing jewelry products, of which Plaintiff Mikkel Guldberg Hansen is the copyright holder of the group of unpublished photographs titled "Celebrating Relationships Jewelry Photoshoot," (the "Works"). Awareness Avenue filed a complaint for copyright infringement under 17 U.S.C. § 501. Defendant Buulgo resides and operates in the People's Republic of China and has infringed Plaintiffs' Works. Defendant operates e-commerce store that directs communication towards Florida residents by unauthorized display of the Works to solicit sales of jewelry products and offers shipping to Florida with aid of the Works causing damage to Plaintiffs' goodwill and business in Florida.

On January 3, 2023, Plaintiffs filed their Complaint on the grounds of copyright infringement by the Defendants, deceptive and unfair trade practices, unjust enrichment, and unfair competition. (ECF [1]). On the same day, Plaintiffs filed an ex parte motion for a temporary restraining order. (ECF [2]), which was granted by an order dated January 18, 2023. (ECF [9]). Plaintiffs further filed a

Motion for Extension of the TRO dated 01/25/2023, (ECF [12]), which was granted by an order dated 01/31/2023, extending the TRO until 02/15/2023. (ECF [15]). Thereafter, Plaintiffs filed a Motion for Preliminary Injunction, (ECF [17]), which was granted by an order dated 02/16/2023, (ECF [20]). On 03/30/2023, a Motion to Dismiss for Lack of Jurisdiction by Defendant Buulgo was filed. (ECF [43]).

## II.  ARGUMENT

### A. Court has specific jurisdiction over Defendants as they have offered for sale products to Florida residents by infringing Plaintiffs' Works which are tortious acts and caused injury to Plaintiffs in Florida.

Plaintiffs have never authorized Defendant Buulgo to reproduce, import or distribute copies of any of Plaintiff's Copyrighted Works in the United States. Defendant, without permission or consent from Plaintiffs, copied and distributed the Works in connection with their business, for the purposes of promotion and advertising their business. Defendants in a chain of distribution of infringing activities directly target business activities toward consumers in the United States, including Florida, through at least the fully interactive, e-commerce stores which display Plaintiff Guldberg's Works. Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that display the Works and target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, have sold products by utilizing Plaintiff Guldberg's

Works to residents of Florida. (Compl. ¶13). Each of the Defendants is committing tortious acts in Florida in a chain of copyright infringement and jointly caused damage to goodwill and business of Plaintiffs.

The scope of the long-arm statute is an issue of state law. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990). Florida's long-arm statute permits state courts to exercise jurisdiction over a cause of action arising out of a tortious act committed within Florida. See Fla. Stat. § 48.193(1)(b). Copyright infringement constitutes a tortious act within the meaning of Florida's long-arm statute for purposes of establishing personal jurisdiction. See Cable/Home, 902 F.2d at 857 (11th Cir. 1990). Moreover, "[for the purposes of the statute, the defendant does not have to be physically present in Florida for the tortious act to occur within that state." Internet Sols. Corp. v. Marshall, 557 F.3d 1293, 1296 (11th Cir. 2009). Thus, the long-arm statute permits personal jurisdiction over a nonresident defendant who is alleged to have committed a tort causing injury in Florida. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir.1999). Kinon Surface Design, Inc. v. Hyatt Corp., No. 18-81065-CV, 2019 U.S. Dist. LEXIS 13670, at *8-9 (S.D. Fla. Jan. 28, 2019). The tort of copyright infringement occurs at the place of "'passing off' the allegedly infringing item, which is typically the place of sale, rather than the location where the infringing item was copied or created." J. Racenstein & Co., Inc. v. Wallace, 1997 U.S. Dist. LEXIS 14928, 1997 WL 605107, 44 U.S.P.Q.2D (BNA) 1541, 1543 (S.D. N.Y. 1997)

Florida Long-Arm Statute, Fla. Stat. § 48.193 provides in part:

> § 48.193. Acts subjecting person to jurisdiction of courts of state.
>
> (1) (a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state. ...
>
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> a. The defendant was engaged in solicitation or service activities within this state; or
>
> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Defendant caused injury to Plaintiffs' property within the State of Florida by infringing on the Works. Defendant injured Plaintiffs' property, namely its copyright and goodwill when Defendant displayed and distributed infringing copies of the Works on their e-commerce stores for distribution in Florida **(Exhibit-1 Mikkel Decl. ¶3,5)**. A copyright is considered a form of property. Borden v. Katzman, 881 F.2d 1035, 1038 (11th Cir. 1989). Defendant distributed and displayed infringing copies that were consumed in the State of Florida. Further, it is clear if the allegations of infringing the copyright are proven, Plaintiffs' property in Florida will have been injured by Defendant's actions. Copyright is considered a form of property for purposes of the tort of copyright

infringement and Florida's long-arm statute, Fla. Stat. § 48.193. <u>Precision Software Servs., Inc. v. Fortune Fin. Sys., Inc</u>., 1998 U.S. Dist. LEXIS 22068 (M.D. Fla. Oct. 13, 1998)

The applicability of the long-arm statute "is not limited to an act in Florida causing injury in Florida, but includes 'the situation in which a foreign tortious act causes injury within the forum.'" <u>Cable/Home Commc'n Corp.</u>, 902 F.2d at 856 (quoting <u>Rebozo v. Washington Post Co.</u>, 515 F.2d 1208, 1212 (5th Cir. 1975)). Moreover, in determining personal jurisdiction in copyright infringement cases, the Eleventh Circuit has stated that "[t]he crucial matter is whether the individual defendant can be held personally liable for acts committed in the forum, not whether his contacts with the forum arose in his personal capacity." <u>Cable/Home Commc'n Corp.</u>, 902 F2d at 857. <u>Stoneworks, Inc. v. State Coll. Distribs.</u>, No. 07-21718-CIV-HOEVELER, 2008 U.S. Dist. LEXIS 140048, at *4 (S.D. Fla. June 19, 2008). Therefore, to establish jurisdiction, the Court must focus on whether Defendant Buulgo can be held personally liable being part of a chain of infringement for the purpose of offering for sale counterfeit goods by directing communication to Florida which caused injury to Plaintiffs' goodwill and business in Florida.

Defendant sold its products with the aid of unauthorized display of the Works knowing that their display of the Works that infringed upon another's copyright and at the time of infringement would be the time that the product was

made available for sale or "passed off" to the consumers in Florida. Therefore, the time and place of the injury was to be Florida where Defendant displayed and distributed the Works. The ongoing act of selling and offering for sale products with aid of the Works knowing that these products would be distributed throughout Florida, shows that Defendant should have reasonably known that it could be "haled" into court in Florida if its products infringed upon a copyright of a resident of Florida. Defendant has sufficiently directed their activities towards Florida such that minimum contacts are established. A defendant's physical presence is not necessary to commit a tortious act in Florida. Rather, "'committing a tortious act' in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida." "However, the cause of action must arise from the communications"-- "[t]his predicate finding is necessary because of the connexity requirement contained in section 48.193(1). Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1208 (Fla. 2010)

One of the events subjecting a party to jurisdiction under Florida long-arm statute is "committing a tortious act within this state." Fla Stat. § 48.193(1)(b). Copyright Infringement is a tortious act within the meaning of this provision. Section 48.193(1)(a)(2) allows for the exercise of jurisdiction over a non-resident defendant who commits a tortious act within Florida. However, "a defendant's physical presence is not necessary to commit a tortious act in Florida." Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002). Instead, a nonresident defendant can

commit a tortious act in Florida under section 48.193(1)(a)(2) by directing "telephonic, electronic, or written communications into Florida," so long as the tort alleged arises from such communications. Internet Solutions Corp. v. Marshall, 39 So. 3d 1201, 1208 (Fla. 2010). Furthermore, "[a]ccording to precedent binding [in the Eleventh Circuit,] subsection [(1)(a)(2)] extends long-arm jurisdiction over defendants who commit a tort that results in injury in Florida." Woodard-CM, LLC v. Sunlord Leisure Prods., Inc., No. 20-23104-CV-WILLIAMS/TORRES, 2022 U.S. Dist. LEXIS 25019, at *18-19 (S.D. Fla. Feb. 10, 2022)

The Hefan Affidavit [ECF #43 Ex-1] is of little significance to the jurisdictional question. It summarily asserts that Defendant has never done business in or directed contacts into Florida and admits certain peripheral connections with the state and denies in a conclusory way any other actions that would bring Defendant within the ambit of the Florida long-arm statute. Such statements, although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction. Affidavits containing mere conclusions have no probative value. When a defendant challenges jurisdiction and submits an affidavit as supporting evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction," Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002), as long as the affidavit contains "specific factual declarations within the affiant's personal knowledge." If a defendant's affidavit only contains conclusory assertions, the burden does not

shift. <u>Woodard-CM, LLC v. Sunlord Leisure Prods., Inc.</u>, No. 20-23104-CV-WILLIAMS/TORRES, 2022 U.S. Dist. LEXIS 25019, at *14 (S.D. Fla. Feb. 10, 2022). The Hefan Affidavit [ECF #43 Ex-1] affidavit does not sufficiently controvert the jurisdictional allegations made in the Complaint and the affidavit is of little significance to the jurisdictional question at hand.

Copyright infringement is an intentionally tortious act that may be committed within Florida through an electronic communication into Florida from outside of Florida "so long as the plaintiff's cause of action arises from that communication." <u>Don King Prods. v. Mosley, No. 15-cv-61717-WILLIAMS</u>, 2016 U.S. Dist. LEXIS 188060, 2017 WL 3950930, at *3 (S.D. Fla. Jan. 27, 2016); <u>Kumbrink v. Hygenic Corp.</u>, No. 15-cv-23530-COOKE/TORRES, 2016 U.S. Dist. LEXIS 131348, 2016 WL 5369334, at *2 (S.D. Fla. Sept. 26, 2016) ("<u>Placing material on the Internet that is accessible in Florida constitutes an electronic communication into the state</u>."); <u>Louis Vuitton</u>, 736 F.3d at 1352. Further, the DP Clause may be satisfied by a single act of copyright infringement when such an intentionally tortious act is aimed at Florida and causes harm that the defendant should have anticipated would be suffered in Florida. <u>Ramirez v. Grp. Servs.</u>, No. 6:16-cv-1831-Orl-37KRS, 2017 U.S. Dist. LEXIS 95265, at *8 (M.D. Fla. June 20, 2017)

The test for contributory infringement has been formulated as "one who, with knowledge of the infringing activity, induces, causes or materially contributes

to the infringing conduct of another. The standard of knowledge is objective: "Know, or have reason to know." Casella v. Morris, 820 F.2d 362 (11th Cir. 1987). Anyone who violates any of the exclusive rights of the copyright owner" set forth in 17 U.S.C. § 106 "is an infringer of copyright." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 433, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984) (emphasis added). Thus, a person who publicly displays a protected work infringes its author's copyright regardless of whether the infringer actually copied the work. Playboy Enters., Inc. v. Frena, 839 F. Supp. 1552, 1556 (M.D. Fla. 1993). Plaintiffs have suffered damages in the form of decrease in the number of orders and sales from Florida residents due to Defendants' infringement and unfair trade practices **(Mikkel Decl. ¶ 3,5)** which also caused damage to its goodwill, which is yet to be ascertained.

All parties to a chain of distribution of counterfeit products are jointly liable. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 207 (D.C. Cir. 1981)(stating that in "copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor"). Sportswear Co. v. 121212, No. 1:21-CV-04335-JPB, 2021 U.S. Dist. LEXIS 259936, at *5-6 (N.D. Ga. Oct. 21, 2021) As a result of Defendant's actions, Plaintiff Awareness Avenue's current and prospective customers were misled, confused and disappointed by the quality of these products, thereby significantly and irreparably damaging Plaintiffs' valuable goodwill. [T]he loss of customers and goodwill is an 'irreparable' injury. Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th

Cir. 1991). Irreparable injury has been determined to include "loss of control of reputation, loss of trade, and loss of goodwill. See, <u>Ferrellgas Partners, L.P. v. Barrow</u>, 143 F. App'x 180, 190 (11th Cir. 2005)

Like in <u>Licciardello v. Lovelady</u>, 544 F.3d 1280 (11th Cir. 2008), the allegations are that the Defendant maintains a website accessible in Florida that infringe on the intellectual property of Plaintiff, a Florida resident, causing harm in Florida. This intentional tort injuring a Florida resident in Florida establishes personal jurisdiction under Florida's long-arm statute.

The Defendant relies on <u>Organic Mattresses, Inc. v. Environmental Resource Outlet, Inc.</u>, No. 17-21905-CIV, 2017 U.S. Dist. LEXIS 166628, 2017 WL 5665354 (S.D. Fla. Oct. 6, 2017), No. 17-21905-CIV, 2017 U.S. Dist. LEXIS 176859, 2017 WL 5665356 (S.D. Fla. Oct. 24, 2017), to support its argument that there is no personal jurisdiction because Plaintiffs did not allege or offer evidence that a Florida customer (or any customer) purchased the allegedly inferior products from the websites.

In <u>Tech Traders, LLC v. Insuladd Envtl.</u>, Ltd., No. 6:18-cv-754-Orl-40GJK, 2018 U.S. Dist. LEXIS 224579, at *12-13 (M.D. Fla. Oct. 18, 2018) it was held that <u>Organic Mattress</u> is distinguishable because the plaintiff in that case was not a Florida resident, and there was no allegation or evidence that the harm occurred in Florida. Here, Plaintiff is a Florida resident and has specifically alleged that it was and is being harmed in Florida. **(Mikkel Decl. ¶3,4,5)** Additionally,

Licciardello or Organic Mattress requirement contains no requirement for personal jurisdiction that a product be purchased through the website containing the infringing content.

The Eleventh Circuit held that a single intentional tort can be the one act that supports "personal jurisdiction over the nonresident defendant who has no other contacts with the forum." Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008) at 1285. If a single intentional tort is the alleged basis for supporting personal jurisdiction, then the tort must pass the "effects test," which is that the tort "was (1) intentional; (2) aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Id.* at 1286. The Eleventh Circuit found that the plaintiff satisfied the effects test because the intentional tort was trademark infringement, which was done via a website accessible in Florida; the purpose of which was to make money from the plaintiff's implied endorsement; and the use of the mark targeted the plaintiff, a Florida resident, "to misappropriate his name and reputation for commercial gain." *Id.* at 1287-88. The effects test is satisfied by "the commission of an intentional tort, expressly aimed at a specific individual in the forum whose effects were suffered in the forum." *Id.* at 1288. The Eleventh Circuit held the following:

[W]here the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into

that state to obtain redress for the injury. The victim need not travel to the state where the website was created or the infringer resides to obtain relief. <u>Tech Traders, LLC v. Insuladd Envtl., Ltd.</u>, No. 6:18-cv-754-Orl-40GJK, 2018 U.S. Dist. LEXIS 224579, at *7-9 (M.D. Fla. Oct. 18, 2018)

Plaintiffs engaged in considerable DMCA takedown procedures to prevent copyright infringement. These notices were countered with Plaintiffs having no effective remedy without copyright registration. Plaintiffs' sales and store were also disrupted by malicious DMCA takedown notices submitted by another infringing entity in the chain of distribution **(Mikkel Decl. ¶4)** Defendant has failed to provide an explanation or justification for infringing on the Works and from where they have procured the Works and the initial date of unauthorized use of the Works. Plaintiffs have suffered damages in the form of decrease in the number of orders and sales from Florida residents due to Defendant's infringement and unfair trade practices **(Mikkel Decl. ¶3)** which also caused damage to its goodwill, which is yet to be ascertained. Plaintiffs have demonstrated that after a reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that Defendant(s) jointly operate and engage in copyright infringement of the Works, share digital infrastructure and/or personnel with manufacturers and are directly related to the manufacturers and/or each other and therefore form a chain of distribution of the infringing products with aid of the Works.

**B. Standard of Review**

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that support a claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir.2004). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1198 n.2 (11th Cir. 2001) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)). A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief," and that statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Tracfone Wireless v. Narula, No. 07-22202-CIV-HUCK/SIMONTON, 2008 U.S. Dist. LEXIS 141991, at *5-6 (S.D. Fla. Jan. 10, 2008)

**C. This Court's exercise of personal jurisdiction over the Defendant comports with fair play and substantial justice**

In this case, Florida Plaintiffs have been injured by the intentional misconduct of a nonresident expressly aimed at Florida Plaintiffs and their business and Plaintiffs are not required to travel to the nonresident's state or country of residence to obtain a remedy. The Supreme Court in Calder v. Jones, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984) made clear that "[a]n

individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California." 465 U.S. at 790. Additionally, Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida. Allerton, 635 So. 2d at 40; Sculptchair, Inc. v. Century Arts, Ltd. 94 F.3d 623, 632 (11th Cir. 1996). The Constitution is not offended by Florida's assertion of its jurisdiction over such nonresident tortfeasors. Calder, 465 U.S. at 789. Licciardello v. Lovelady, 544 F.3d 1280, 1288 (11th Cir. 2008)

When determining whether the exercise of jurisdiction over a defendant offends traditional notions of fair play and substantial justice, relevant factors to consider include the interests of the forum state, the plaintiff's interest in seeking redress, and the burden on the defendant. Sculptchair, 94 F.3d at 631. The Eleventh Circuit has held that once "'minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant.'" Cable/Home Commc'n Corp., 902 F.2d at 858 (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 114 (1987)). A purposeful journey to Florida, for a purpose related to the subsequent litigation, has been considered a deliberate choice placing a defendant on notice that he is subject to suit in Florida. Cable/Home Commc'n Corp., 902 F.2d at 859. Stoneworks, Inc. v. State Coll. Distribs., No. 07-21718-CIV-HOEVELER, 2008 U.S. Dist. LEXIS 140048, at *7-8 (S.D. Fla. June 19, 2008). Therefore, the exercise of personal jurisdiction over

Defendant Buulgo does not offend traditional notions of fair play and substantial justice.

### D. Defendants willfully and knowingly infringed Plaintiffs' copyright and the asset restraint is appropriate.

The Copyright Act provides that a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b)

Plaintiff may be entitled to recover statutory damages from Defendant in the amount of one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Art infringed, as provided by 17 U.S.C. section 504(c), enhanced to reflect the willful nature of Defendant's infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorneys' fees.

As a result of Defendant's actions, Plaintiff Awareness Avenue's current and prospective customers were misled, confused and disappointed by the quality of these products, thereby significantly and irreparably damaging Plaintiffs' valuable goodwill. **(Mikkel Decl. ¶ 3,5)**. [T]he loss of customers and goodwill is an 'irreparable' injury. Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991). Irreparable injury has been determined to include "loss of control of reputation, loss of trade, and loss of goodwill. See, Ferrellgas Partners, L.P. v.

Barrow, 143 F. App'x 180, 190 (11th Cir. 2005). The Eleventh Circuit has repeatedly upheld the authority of district courts to order an asset freeze to preserve the possibility of consumer redress. See, FTC v. USA Fin., LLC, 415 F. App'x 970, 976 (11th Cir. 2011) ("Maintaining the asset freeze until the monetary judgment was satisfied was necessary to accomplish complete justice.") ; Gem Merch. Corp., F.3d at 469; FTC v. U . S . Oil & Gas Corp., 748 F.2d 1431 (11th Cir. 1984)

Defendant's wilful infringement demonstrates its willingness to engage in wrongdoing. The possibility of a large monetary judgment provides Defendant with ample incentive to conceal or dissipate otherwise recoverable assets. Without an asset restraint of Defendant's PayPal account, it is unlikely that funds will remain to satisfy any final order granting redress to deceived consumers. The Court has the authority to direct its order to such third parties in order to preserve assets that are easily dissipated and may be difficult or impossible to trace.  An accounting and financial statements is still pending and combined with an asset freeze, will increase the likelihood of preserving existing assets pending final determination of this matter.

The general flexibility of equitable powers is enhanced where, as here, the public interest is at stake. As the Supreme Court stated in Porter v. Warner Holding Co., 328 U.S. 395, 66 S. Ct. 1086, 90 L. Ed. 1332 (1946): Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction. And since the public interest is involved in a proceeding of this nature, those equitable powers assume an even

broader and more flexible character than when only a private controversy is at stake.

Plaintiff is entitled to equitable relief in the form of damage to its goodwill and damage to its business within Florida and an asset restraint is necessary to preserve assets to satisfy the judgment on merits.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss must be denied.

Date: April 24, 2023

> MAH ADVISING PLLC
> By: /s/ Michael A. Hurckes
> Michael A. Hurckes, Esq.
> Florida Bar No. 1040918
> 3030 N. Rocky Point Drive W.,
> #150
> Tampa, FL 33607
> Tel.: (917) 791-0636
> *Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 24th day of April 2023, via transmissions of Notice of Electronic Filing generated by CM/ECF to all parties or counsel of record in this matter.

> /s/ Michael A. Hurckes