UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:23-cv00002

AWARENESS AVENUE JEWELRY
and MIKKEL GULDBERG HANSEN,

    Plaintiffs,

vs.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## **DEFENDANT'S *UNOPPOSED* MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendants Nos. 2, 12, 14, 19, 23, 25, 27, 35, 42, 53, 54, and 68 (duratione.com, clusterw.com, resemblek.com, neverpaints.com, termuecular.com, fractionk.net, fastenery.com, summer-bud.com, expectationd.com, preferlikely.com, ondutyearth.com, and seebraw.com, respectively) as identified in Schedule A to the Complaint [DE 1] ("Defendants"), pursuant to L.R. 1.11(c), move to seal two exhibits, DE 52-1 and DE 52-2, filed in connection with their Motion to Dissolve or Modify Preliminary Injunction, DE 52. Good cause exists for, and Plaintiff does not object to, sealing the two documents that were inadvertently publicly filed, as discussed below.

The first document, DE 52-1, should be sealed because it contains confidential business information relating to Defendants, including proprietary operating strategy such as profit margins and use of targeted marketing.

The second document, DE 52-2, also should be sealed because it includes confidential business information relating to Defendants, namely a detailed breakdown of sales, including location and order numbers placed by various customers that ordinarily is not made public, and could be used to reveal Defendants' marketing and sales strategies.

Defendants respectfully request that these two documents be kept sealed until the termination of this action, including exhaustion of appeals if applicable, at which time they would request that the Clerk remove it from the public domain, and that any hard copies be transferred to the custody of the undersigned, Douglas Giuliano, 121 S. Orange Avenue, Suite 1500, Orlando, Florida, doug@glgpa.com, 321-754-5290.

Defendants' request should be granted because of the nature of the information, moreover the request is narrowly tailored, and no prejudice will result to the public nor to Plaintiff, as evinced by Plaintiff's lack of objection to the motion. Moreover, L.R. 1.11 vests within the Court the discretion to seal certain documents, and here the nature of documents DE 52-1 and 52-2 warrant being filed under seal. *See McKesson Global Sourcing Limited v. M.C. Johnson Co., Inc.*, 2022 WL 2238346, at *2 (M.D. Fla. 2022) (granting motion to seal documents containing "confidential details about product pricing, finances, and the manner in which MMS does business"); *WhereverTV, Inc. v. Comcast Cable Communications, LLC*, 2021 WL 4478026, at *1 (M.D. Fla. 2021) (same; court agreed that sealing needed to "protect technical and business information and to protect against disclosure of these items to its business competitors").

## Local Rule 3.01(g) Certification

The undersigned counsel for Defendants reached out to Plaintiff's counsel about the relief requested in this motion, who stated it does not oppose the request.

Dated: April 28, 2023

Respectfully submitted,

*/s/ Douglas J. Giuliano*
Douglas J. Giuliano, Esq.
Florida Bar No. 15282
Giuliano Law Group, P.A.
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel: (321) 754-5290
Fax: (321) 400-1055
Primary: Doug@glgpa.com
service@glgpa.com

*Attorney for Defendants Nos. 2, 12, 14, 19, 23, 25, 27, 35, 42, 53, 54, and 68 in Schedule A of the Complaint*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 28th day of April 2023 via transmissions of Notice of Electronic Filing generated by CM/ECF to all parties or counsel of record in this matter.

/s/ Douglas J. Giuliano
Douglas J. Giuliano