UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AWARENESS AVENUE JEWELRY
LLC and MIKKEL GULDBERG
HANSEN,

    Plaintiffs,

v.                                              Case No. 8:23-cv-2-TPB-AAS

THE PARTNERSHIPS and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**ORDER MODIFYING ASSET RESTRAINT**
**IN PRELIMINARY INJUNCTION**

This matter is before the Court on Defendant Buulgo's "Emergency Motion to Modify Asset Restraint" (Doc. 48), filed on April 10, 2023; "Defendants' Emergency, Time-Sensitive Motion to Dissolve or Modify Preliminary Injunction" (Doc. 52), filed on April 18, 2023; and Defendant ZIAVIA's "Motion to Modify Asset Restraint" (Doc. 54), filed on April 18, 2023.  Plaintiffs filed responses in opposition to these motions on April 17, 2023, and May 11, 2023.  (Docs. 51; 70; 71).  The Court held a hearing on May 15, 2023.  (Doc. 73).

The factual background of this case is set forth in the Court's "Order Granting Plaintiffs' Motion for Temporary Restraining Order" (Doc. 9), and "Preliminary Injunction Order" (Doc. 20), incorporated herein by reference.  The

Court previously entered a temporary restraining order (the "TRO") and then a preliminary injunction that prohibited Defendants from infringing on Plaintiffs' copyrighted works. The TRO was entered *ex parte* and without notice. The preliminary injunction was entered after no Defendant appeared at the hearing. The injunction imposed restraints on Defendants' disposition of assets and required third party providers (e.g., PayPal, eBay) doing business with Defendants to freeze Defendants' accounts upon receiving notice of the injunction.

The moving Defendants seek to modify the asset restraint. Defendants point to evidence that the profits they have derived from the alleged infringing activity, which are potentially recoverable by Plaintiffs by way of disgorgement, are much smaller than the total dollar amounts in the accounts frozen by the Court's *ex parte* TRO and preliminary injunction. Accordingly, they argue, the asset restraint should be reduced or eliminated.

The Court has the equitable discretion to modify a preliminary injunction based on subsequent changes in the facts or law or for other good reason. *See FTC v. Roca Labs, Inc.*, No. 8:15-cv-2231-T-35CPT, 2018 WL 1988873, at *3 (M.D. Fla. Mar. 1, 2018) (citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974)). While a court may order assets frozen to preserve its ability to award permanent equitable relief, the amount frozen must be limited to a reasonable approximation of the amount potentially recoverable, *i.e.*, the amount derived from unlawful activity. *See, e.g., S.E.C. v. ETS Payphones, Inc.*, 408 F.3d 727, 735 (11th Cir. 2005) (holding that the plaintiff's burden as to the amount of assets subject to

disgorgement, and therefore available for a freeze, was a reasonable approximation of the defendant's ill-gotten gains); *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) ("[T]he district court had the authority to freeze those assets which could have been used to satisfy an equitable award of profits."). Defendants have shown that the amounts frozen are not so limited, and therefore good grounds exist to modify the injunction to reduce or eliminate the asset restraint.

Plaintiffs offer no contrary evidence as to the amount of Defendants' profits but argue that Plaintiffs may be able to recover hundreds of thousands of dollars in lost sales and/or statutory damages under the Copyright Act. This response is unavailing because those remedies would be legal, not equitable. *See, e.g., Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("We have recognized the 'general rule' that monetary relief is legal, and an award of statutory damages may serve purposes traditionally associated with legal relief . . ..") (citations omitted); *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL 5265727, at *6-7 (S.D.N.Y. Oct. 24, 2012) (holding by analogy to the Copyright Act that statutory damages under the Lanham Act constitute a remedy at law). Therefore, an asset freeze based on the amount of those potential legal recoveries would be improper. *See Grupo Mexicano de Dessarrolo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) (holding that district courts may not enter preliminary injunctions preventing defendants from disposing of assets pending adjudication of claims for money damages); *Rosen v. Cascade Int'l, Inc.*, 21 F.3d

1520, 1529-30 (11th Cir. 1994) (holding that district courts have no general equitable power to freeze assets where the plaintiff seeks only a judgment for money damages); *Klipsch Group, Inc.*, 2012 WL 5265727, at *5 (rejecting asset freeze amount tied to potential statutory damages under Lanham Act, and reducing asset freeze from $2 million to $20,000 based on the defendants' showing of minimal profits from allegedly infringing sales).

Because the moving Defendants have submitted evidence that their profits from the allegedly infringing activity have been minimal, the asset freeze ordered by the Court was overbroad. Plaintiffs have offered no evidence or argument as to any reasonable approximation of profits from infringement applicable to all Defendants. Nor does it appear to the Court that an asset freeze is required to ensure the availability of permanent equitable relief against the moving Defendants. The amount of funds in their accounts, the minimal profits they have obtained from the alleged infringement, and the fact that they have appeared by counsel in this lawsuit to respond to the complaint, all suggest that they will have funds to pay a judgment for disgorgement of profits if one is ultimately entered.

The Court therefore exercises its discretion to modify the preliminary injunctive relief previously granted to the extent of eliminating the asset restraint.[1] Plaintiffs are directed to provide a copy of this Order to all Defendants and to any third parties such as PayPal or other vendors or providers in the same manner in

---

[1] The Court will by separate order rule on the other grounds raised and relief sought in "Defendants' Emergency, Time-Sensitive Motion to Dissolve or Modify Preliminary Injunction" (Doc. 52), as well as the pending motions to dismiss based on lack of personal jurisdiction and other grounds. *See* (Docs. 40; 43).

which they provided the same persons or entities with notice of the Court's *ex parte* TRO and its Preliminary Injunction Order.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant Buulgo's "Emergency Motion to Modify Asset Restraint" (Doc. 48) is **GRANTED** as set forth below.

2. "Defendants' Emergency, Time-Sensitive Motion to Dissolve or Modify Preliminary Injunction" (Doc. 52) is **GRANTED IN PART** and **DEFERRED IN PART** as set forth below.

3. Defendant ZIAVIA's "Motion to Modify Asset Restraint" (Doc. 54) is **GRANTED** as set forth below.

4. The Court's Preliminary Injunction Order (Doc. 20) is **MODIFIED** to eliminate the freezing of Defendants' assets and accounts provided in paragraphs 6 and 7 of that Order, including assets and accounts in the possession or control of third parties.

5. Plaintiffs are **DIRECTED** to provide a copy of this Order to all Defendants and to any third parties such as PayPal or other vendors or providers in the same manner in which they provided the same persons or entities with notice of the TRO and the Preliminary Injunction Order.

6. "Defendants' Emergency, Time-Sensitive Motion to Dissolve or Modify

Preliminary Injunction" (Doc. 52) is otherwise **DEFERRED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of May, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**